12808

OSWALD v. CITY OF ORANGEBURG

(151 S. E., 230)

*Mr. L. A. Hutson,* for appellant,

*Messrs. Sims & Sims,* for respondent,

January 14, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, commenced in the Court of Common Pleas for Orangeburg County, February 23, 1928, is an action by the plaintiff, A. E. Oswald, against the city of Orangeburg to recover damages in the sum of $20,000 for alleged injuries sustained by the plaintiff while in the employ of the city of Orangeburg, on account of its alleged "careless, negligent acts and the negligent, reckless mismanagement of its fire department and affairs." The defendant demurred to the

complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was heard by his Honor, Judge M. M. Mann, June 11, 1928, who, after hearing counsel, sustained the demurrer, dismissed the complaint, and issued an order to that effect. From the ruling and said order of Judge Mann the plaintiff has appealed to this Court, imputing error to his Honor in sustaining the demurrer and in not overruling the same.

We agree with the conclusion reached by the Circuit Judge. The Courts of this State as well as the Courts of other jurisdictions, have universally held wherever the question has arisen that a municipality is not liable in damages for a tort committed by any of its officers or agents, unless made so by statute. The statute relied upon by the plaintiff to sustain the alleged right of action is Section 4478, Vol. 3, Code of Laws of South Carolina, 1922. That section reads as follows:

"Any person who shall receive bodily injury, or damages in his person or property, through a defect in any street, causeway, bridge or public way, or by reason of defect, or mismanagement of anything under control of the corporation within the limits of any town or city, may. recover, in an action against the same, the amount of actual damages sustained by him by reason thereof. If any such defect in a street, causeway or bridge existed before such injury or damage occurred, such damage shall not be recovered by the person so injured if his load exceed the ordinary weight: *Provided,* The said corporation shall not be liable unless such defect was occasioned by its neglect or mismanagement: *Provided, further,* Such person has not in any way brought about any such injury or damage by his or her own negligent act or negligently contributed thereto."

In order to maintain an action under the provisions of this section of the Code it must appear that the injuries complained of, and the damages resulting therefrom, were caused by or through a defect in a street, bridge, causeway or public way,

within the limits of the municipality, and caused by the neglect or the mismanagement of the municipality, its officers or agents, or by reason of a defect of anything under the control of the municipality, used in making repairs in the streets, causeways, bridges, or public ways, within the limits of the municipality, and due to the neglect of the municipality, its officers or agents. A careful examination of the complaint fails to convince us that the allegations meet this requirement, and we, therefore think that his Honor, Judge Mann, was right in sustaining the demurrer and dismissing the complaint.

The exceptions are overruled, and the judgment of the Circuit Court affirmed.

MR. CHIEF JUSTICE WATTS AND MESSRS. JUSTICES COTHRAN, BLEASE, and STABLER concur.