CORPORATION OF SEVIERVILLE *v.* TROTTER *et al.*

(*Knoxville,* September Term, 1935.)

Opinion filed July 6, 1936.

KRAMER & KRAMER, of Maryville, for plaintiff in error.

ZIRKLE, BOWERS & ROBERTSON, of Sevierville, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The appellees, Trotter and wife, owners of property abutting on Main street in the town of Sevierville, obtained a judgment of $1,000 for damages resulting from a change of the grade of Main street opposite their property. The judgment, in affirmance of a report of a jury of view, "holds the City of Sevierville as first liable, and the State secondarily liable, and the suit will be dismissed as to Sevier County as the property and rights-of-way in question are wholly inside the City of Sevierville." The three parties referred to had been sued, the process against the state having been served upon H. S. Walters, commissioner of highways, etc. The Corporation of Sevierville and the state have appealed.

It is insisted for the state (1) that it is not subject to suit, being expressly exempted by section 8634 of the Code which "is a general denial of jurisdiction of any suit against the state or its officers to reach its treasury, funds, or property, and directs that any such suit shall be dismissed on motion," etc. *Phillips* v. *Marion County*, 166 Tenn., 83, 59 S. W. (2d), 507, 508; *Quinton* v. *Board of Claims*, 165 Tenn., 201, 217, 54 S. W. (2d), 953; and (2) that by ordinance the Corporation

of Sevierville expressly undertook and agreed to provide this right of way and pay any damages therefor out of municipal funds, and that it was following the passage of this ordinance, and in view thereof, that the work which is complained of as resulting in damage was done.

The appeal of the state must be sustained on both grounds. While expressing no opinion as to just what the effect of the language used in the judgment hereinbefore quoted from is, insofar as the state of Tennessee is concerned, we are not of opinion that any form of judgment against the state can be sustained, and we think our holding in the cases above cited is conclusive on the question of the state's immunity from suit. And, in the second place, it seems to us quite clear that the ordinance above mentioned was passed for the purpose, and accomplished the purpose, of making the municipality liable.

■■ On the other hand, we find no error in so much of the judgment as fastens liability upon the Corporation of Sevierville. As already indicated, we are of opinion that the municipality expressly laid ground for this obligation. And, in addition, it is the well-settled rule in Tennessee that a municipality that permits a change of grade to be made in its streets is liable for the resulting damages to the owners of abutting lots, "although such grading was not authorized by any formal or valid action of the city authorities." *Knoxville v. Harth,* 105 Tenn., 436, 58 S. W., 650, 80 Am. St. Rep., 901.

It is argued for the Corporation of Sevierville that chapter 57 of the Pub. Acts 1931, providing that the state shall pay for all rights of way, and damages, etc., neces-

sary to the construction of any highway, should be treated as including municipal corporations, although the act does not in terms so provide, and it is argued that certain procedural provisions therein set forth were not complied with which are essential to county, or municipal liability. This act is limited in its terms to counties, and we find no justification for extending its application to municipal corporations. We can well conceive why the provision therein made for highway construction in outlying territory was not extended to the streets of municipalities, to which much different rules of construction and maintenance commonly apply, and as to which a stricter local administration and accountability for construction finds justification in the relatively greater local use.

The judgment is reversed insofar as it runs against the state, and affirmed as to the Corporation of Sevierville.