BETTY JUNE HILL, ETC., Appellant, v. ROY H. BEELER, Attorney General, *et al.,* Appellees.

(*Nashville,* December Term, 1955.)

Opinion filed February 3, 1956.

Rogers Kivett, of Tazewell, for appellant.

John Ed O'Dell, and James M. Glasgow, Assistant Attorneys General, and George F. McCanless, Attorney General, of counsel, for appellees.

Mr. Justice Burnett delivered the opinion of the Court.

This action was commenced by the appellant, Betty June Hill who sues as the widow of P. L. Hill and as the next friend of their minor son. The appellees, defendants below, are the State officials who constitute the State Board of Claims and the Attorney-Secretary for the Board of Claims.

The Board of Claims was created by Chapter 73 of the Public Acts of 1945 and is codified in Williams' Cumulative Pocket Supplement to the Code as Sections 1034.26

et seq. The parties named in this bill were those officials of the State holding the positions at the time that the bill was filed. Subsequent to that time, due to death and resignations, new parties have taken the place of some of those named in the bill. These new parties have been properly substituted. The Board of Claims as it is made up consists of a membership of the Commissioner of Highways & Public Works, Commissioner of Finance & Taxation, State Treasurer, The Comptroller of the Treasury, Secretary of State, and the Attorney General of the State. Code Supplement Section 1034.26. Obviously the only one of these members requiring legal training is the Attorney General of the State. The others of course may have legal training but frequently none of them does.

The Board of Claims thus is not necessarily a judicial body but is largely a legislative body which is free to exercise through quasi-judicial functions those claims that the Legislature has constituted it to exercise through proper legislation. This body is delegated under the statutes above referred to to the examination and determination of certain classified claims against the State. These claims do not necessarily include things which are inherently or necessarily judicial for the determination of this body. Practically all matters which it considers are susceptible of legislative or executive determination.

The State of Tennessee, as a sovereign, is immune from suit except as it consents to be sued. Article I, Sec. 17, Constitution of Tennessee; Code Section 8634; *Scates* v. *Board of Commissioners of Union City,* 196 Tenn. 274, 265 S. W. (2d) 563; *Phillips* v. *Marion County,* 166 Tenn. 83, 59 S. W. (2d) 507; *Quinton* v. *Board of Claims,* 165 Tenn. 201, 54 S. W. (2d) 953; *Insurance Co.* v. *Craig,* 106 Tenn. 621, 62 S. W. 155; *Moore* v. *Tate,* 87 Tenn. 725, 11

S. W. 935, 10 Am. St. Rep. 712. This being true it necessarily follows that except as the Legislature of the State consents there is no jurisdiction in this Board of Claims to entertain suits against the State.

Legislative Acts conferring jurisdiction upon this Board of Claims to adjudicate claims against the State of Tennessee are and must of necessity be strictly construed. This Board's jurisdiction is limited to the cases specified in the Act, and this limitation cannot be enlarged by implication. Code Supplements Sections 1034.-30, 1034.35; *Quinton* v. *Board of Claims,* supra; *Wallace* v. *Neal,* 191 Tenn. 240, 232 S. W. (2d) 49. Its jurisdiction, too, is final in all matters. See authorities immediately preceding this statement.

According to the allegations of the bill, complainant filed her claim with the Board of Claims seeking an award from the State of Tennessee for the death of her husband. The Board refused to entertain the claim on the ground that it was without jurisdiction and this bill is brought for the purpose of obtaining a declaration of the rights of the parties under the declaratory judgment statutes, Williams' Code, Sec. 8835 et seq. She alleges that the Board of Claims has jurisdiction to entertain, to hear and determine her claim under Code Supplement Section 1034.30, Section 5 of Chapter 73 of the Public Acts of 1945, on the basis of the facts alleged in the original bill. These are substantially the same as those set out in her petition to the Board, a copy of which petition along with a copy of the letter of the Attorney for the Board of Claims is filed as exhibits to the bill herein. In this letter of the Assistant Attorney General and Secretary of the Board of Claims, he recommended to the Board that it was without authority to hear the complainant's claim and set forth his reasons therefor. He,

as we said above, is made a party defendant to the present suit. It is argued that the Board had no right to follow his recommendation herein—that it should have heard the parties regardless. Acting upon his recommendation, the Board dismissed the claim.

The factual situation as is set forth in the bill, and the claim is filed with the Board of Claims, is briefly that one Richard Rue, who is a convict at Brushy Mountain Prison serving a term for second-degree murder, was permitted by the gateman to take a truck at about 5 :00 o'clock p. m. on April 15, 1950, from the main prison into the Town of Jellico. The convict was addicted to alcohol and became intoxicated. Soon after arriving in Jellico, the convict Rue observed his wife working in a restaurant and went there for the purpose of engaging her "* * * either in conversation, argument or fight * * *." This convict was thrown out of this restaurant and while thus angered and enraged and under the influence of whisky he took the Prison truck and drove the vehicle across the sidewalk into the front of the restaurant. While thus driving across the sidewalk in front of the restaurant he struck and fatally injured P. L. Hill the husband and father of the appellants.

The bill asserts that the only question or issue for the Court to decide is whether or not the Board of Claims has jurisdiction of an alleged negligence action based on the facts above briefly outlined.

The bill also contains the following averment:

"The 1953 general assembly endeavored to relieve complainant and further justice in her plight, by appropriating $10,000.00 for her in this cause, but said legislation was the first clause in the miscellaneous appropriations bill and the complexity of the law, re-

verts her claim back to section 1034.30 of the code, and the construction thereof.''

The Court is then asked to construe the Board of Claims statutes heretofore referred to and particularly Section 1034.30 of the Supplement to Williams' Code, being Section 5 of Chapter 73 of the Public Acts of 1945, as amended, and to declare whether under the facts alleged the Board of Claims is empowered to hear, determine and award compensation to the complainant.

The defendants demurred to the bill on six grounds. The Chancellor sustained the demurrer without specifying on what particular ground he relied, and therefore we must assume that he sustained it on all grounds. We deem it unnecessary to take up seriatim each ground of the demurrer because in our view of the matter the first ground of the demurrer is sufficient and we think that in sustaining it alone the Chancellor properly did so and dismissed the suit. This ground is that the suit cannot be maintained under the Constitution and statutes of Tennessee.

In the outset of this opinion we set out at some length when the State may be sued and the authority and jurisdiction of the Board of Claims to allow claims against the State. This Court long ago in construing the constitutional provision, Article I, Sec. 17 of the Tennessee Constitution, said that this provision ''carries with it a positive implication that they shall not be brought otherwise or at all unless legislative authority therefor be affirmatively given.'' *Insurance Co.* v. *Craig,* supra [106 Tenn. 621, 62 S. W. 157], and we also held that the State could not be subject to litigation at a suit of an individual unless there is a statute clearly and unmistakably disclosing an intent upon the part of the Legislature to permit such litigation. *Quinton* v. *Board of Claims,*

supra. There is no statute permitting the action herein. Code Section 8835 et seq., (Declaratory Judgments statute) does not permit an action of the kind, that is, for the State to be sued in the manner in which it is herein sued. The remedy of the appellant, if any, rests exclusively with the Board of Claims and the courts are without jurisdiction to allow a bill for a declaratory judgment. Merely because the Board of Claims is created by a statute does not give the Court under the Declaratory Judgments statutes above jurisdiction to entertain a claim against the State. For as we have said supra, such statutes allowing suits or claims to be made against the State are construed strictly and must be construed according to the letter of the statute without any implications otherwise. As a matter of fact it seems to us that Code Section 8634 prohibits such an action as here brought. This Section is a general denial of jurisdiction of any suit against the State or its officers to reach its Treasury, funds, property, and directs that any such suit shall be dismissed on motion. *Corporation of Sevierville v. Trotter,* 170 Tenn. 431, 95 S. W. (2d) 920.

Long ago this Court in *Moore v. Tate,* 87 Tenn. 725, 11 S. W. 935, 937, remarked on a related situation as follows:

"The same considerations of public policy which prompted the legislature to prohibit suits directly against the state would lead the courts to hold that she should not be sued indirectly, under the general terms of the statute of set-offs, which do not expressly allow such suits."

The Declaratory Judgment Act, Sec. 8835 et seq., does not permit the filing of a suit against the State to construe statutes so it seems to us that there is no authority for

the suit but that Code Section 8634 expressly forbids such an action.

There are two other rules that are applicable here which would justify this Court in affirming the action of the Chancellor. It is generally considered that the Court has a discretion in exercising power to adjudge in Declaratory Judgment cases. 16 Am. Jur., p. 287; *City of Johnson City* v. *Caplan,* 194 Tenn. 496, 253 S. W. (2d) 725. In Anderson, Actions For Declaratory Judgment, Vol. 1, p. 186, Sec. 109, it is said:

"Generally, declaratory judgments will not be granted to determine the power or jurisdiction of Boards, Commissions, or inferior courts. The rule is that a court will not take jurisdiction to render a declaratory judgment where a statutory remedy has been especially provided for the character of case presented, nor where the purpose is to affect proceedings which may be taken or pending before a public board which is vested by statute with full power to act in the premises."

See also a statement in 16 Am. Jur., at p. 295, to the same effect. We think this a sound and applicable rule to apply herein. It seems very clear to us from any reasonable construction of the acts that the Declaratory Judgment Act has not given the courts jurisdiction over any controversy that would not be within their jurisdiction if affirmative relief were being sought.

The claim of the appellant is predicated upon Code Supplement Section 1034.30, Sec. 5 of Chapter 73 of the Public Acts of 1945. Briefly, this section provides first that the Board may entertain claims for personal injuries or property damages caused by negligence in construction of State Buildings or State Highways. It also provides that the Board may consider claims involving the

negligence of State officials or employees in the operation of State owned motor vehicles or equipment while in the line of duty and claims may be allowed for these negligent acts. The instant case is not within either of these classes because the negligent act involved is that of the gateman or the officials of the prison in letting this prisoner out with a truck. It seems that the Assistant Attorney General was clearly right in advising the Board of Claims that this claim did not come within the Act. As we said in the outset the Board of Claims is not a judicial body, and presumably not made up of those learned in the law. It was for this reason that an Assistant Attorney General of the State is given the place of making an investigation and advising the Board of Claims. Throughout the history of the Board of Claims it has been their practice to follow the legal advice of the Assistant Attorney General who specializes in this branch of the work and who is there for the purpose of advising this Board.

While under the facts as alleged, as a matter of law there is no negligence which is chargeable against the State, there might be negligence it is true on the part of some of the employees of the State working at the prison. The rule has long been recognized that the doctrine of respondeat superior does not apply where officials of a prison fail to perform their duties. *Hale* v. *Johnston,* 140 Tenn. 182, 195, 203 S. W. 949; *Lunsford* v. *Johnston,* 132 Tenn. 615, 179 S. W. 151.

Thus we think that the Board had no authority or jurisdiction to hear the claimant's petition. The action of the Board was final and is not subject to review by the courts. Code Supplement Section 1034.35, Sec. 10 of Chapter 73 of the Public Acts of 1945, and *Quinton* v. *Board of Claims,* supra. The Board of course had to con-

sider the provisions of the statute and by doing so under the advice of its attorney it was advised that it had no jurisdiction under this statute and therefore could not allow the claim.

In *Quinton* v. *Board of Claims,* supra. [165 Tenn. 201, 54 S. W. (2d) 957], this Court said:

"The state cannot be subjected to litigation at the suit of individuals unless the words of the act are so plain, clear, and unmistakable as to leave no doubt of the intention of the Legislature that it should be done."

■ We quoted hereinabove a paragraph from the bill of the appellants in reference to the miscellaneous appropriations bill of the Legislature of 1953, Public Acts, Chap. 251, which purported to authorize an award in favor of the widow and children of P. L. Hill, deceased not to exceed $10,000 in the discretion of the Board of Claims. It is insisted in the argument and here by the appellant that she does not rely upon this Act except to avoid the Statute of Limitations which purportedly may be waived by the Board. We compare the language of this 1953 Act and we find that it is virtually identical with that used in Chapter 268 of the Public Acts of 1951. This Court in *Daugherty* v. *S. & W. Construction Co., Inc.,* 196 Tenn. 357, 268 S. W. (2d) 94, dealt with the authority of the Board to waive the Statute of Limitations under the 1951 Act. When we compare the two Acts, if the appellant bases in any way her claim on this Act, then the Daugherty case, supra, becomes an insurmountable barrier to her claim. Under the authority therefore in the Daugherty case it is not necessary for us to discuss this question further. The minority of the decedent's child in no way affects the running of the Statute of Limitations.

The right of action belonged to the decedent. *Whaley* v. *Catlett,* 103 Tenn. 347, 53 S. W. 131.

We have done considerable independent reading and investigation on this case as well as reading very carefully the interesting briefs herein. After a very thorough consideration we must affirm the decree of the Chancellor at the cost of the appellants.