Ruby Dianne HILL and James Hill, Jr.,
Plaintiffs,

v.

UNITED STATES of America,
Defendant-Third-Party
Plaintiff-Appellee,

v.

STATE OF TENNESSEE, Third-Party
Defendant-Appellant.

No. 71–1226.

United States Court of Appeals,
Sixth Circuit.

Jan. 13, 1972.

Everett H. Falk, Asst. Atty. Gen., Nashville, Tenn., Milton P. Rice, Deputy Atty. Gen., State of Tennessee, Nashville, Tenn., on brief; David M. Pack, Atty. Gen., State of Tennessee, Nashville, Tenn., of counsel, for appellant.

William Kanter, Department of Justice, Washington, D. C., L. Patrick Gray, III, Asst. Atty. Gen., Alan S. Rosenthal, Atty., Department of Justice, Washington, D. C., Charles H. Anderson, U. S. Atty., Nashville, Tenn., on brief, for appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PHILLIPS, Chief Judge.

The question presented on this appeal is whether the United States,

when liable to an individual plaintiff under the Federal Tort Claims Act, can maintain an action for contribution against the State of Tennessee as third party defendant. The doctrine of sovereign immunity prevails under Tennessee State law. It is undisputed that the State would not have been subject to suit by the original plaintiffs under the facts of this case.

Ruby Dianne Hill, the minor plaintiff, was injured while attending a football game on the campus of Middle Tennessee State University at Murfreesboro, Tennessee. Her injuries occurred when she ran in front of a cannon when it was being discharged to celebrate a touchdown. The cannon was owned and operated by the United States through Army personnel attached to the ROTC unit at the University.

The complaint was filed by Miss Hill, by next friend, and by her father against the United States. The United States filed a third party complaint against the State of Tennessee, alleging negligence on the part of the State and demanding judgment over against the State for one-half of any damages, costs and disbursements that might be adjudged against the United States and in favor of plaintiffs. The State filed a motion to dismiss the third party complaint on the principal ground that the sovereign immunity of the State would not allow the United States to implead the State in a direct action brought by a citizen of Tennessee against the United States under the Federal Tort Claims Act. This motion to dismiss was overruled by the District Court.

The United States and the State thereupon filed a stipulation under which each agreed that the action of the plaintiffs be settled for a total sum of $163,367.01, leaving as the sole remaining issue the question of the right of the United States to recover contribution from the State. A compromise settlement with plaintiffs was made by the United States pursuant to this stipulation.

The District Court granted the motion for summary judgment filed by the United States. Judgment was entered against the State for $81,631. The State of Tennessee appeals.

■ We reverse.

At the outset we are met with the well recognized principle that State law is controlling in actions under the Federal Tort Claims Act. 28 U.S.C. § 1346(b); United States v. Muniz, 374 U.S. 150, 153, 83 S.Ct. 1850, 10 L.Ed.2d 805; Mider v. United States, 322 F.2d 193, 197 (6th Cir.).

Article 1, § 17 of the Constitution of Tennessee provides as follows:

"*Sec. 17. Open courts—Redress of injuries—Suits against the State.—* That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay. Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct."

In contrast to the action of Congress in waiving the sovereign immunity of the United States by enacting the Federal Tort Claims Act, the Legislature of Tennessee, pursuant to the above-quoted provision of the State Constitution, passed the statute now codified as TCA § 20-1702, which provides as follows:

"*Actions against state prohibited.—* No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state. [Acts 1873, ch. 13, § 2; Shan., § 4507; Code 1932, § 8634.]"

■ The Supreme Court of Tennessee has given strict construction to these constitutional and statutory provisions, holding that suits cannot be maintained to recover money against the State in the absence of affirmative legislative authority. Daugherty v. S & W Construction Co., 196 Tenn. 357, 268 S.W.2d 94; Quinton v. Board of Claims, 165 Tenn. 201, 54 S.W.2d 953; Moore v. Tate, 87 Tenn. 725, 11 S.W. 935. It is well established under Tennessee law that an action will not lie against the State unless the words of the statute are so unmistakable as to leave no doubt of the legislative intent that the State be subjected to suit. Phillips v. Marion County, 166 Tenn. 83, 59 S.W.2d 507.

■ The State of Tennessee has waived its immunity from liability in negligence actions only to the limited extent provided in the statute creating the State Board of Claims, TCA §§ 9–801—815. The jurisdiction of the Board over claims for injuries and property damage arising from the negligence of State employees is prescribed by TCA § 9–812.[1]

■■ The Board of Claims is composed of the six State officers: the Commissioner of Highways, the Commissioner of Revenue, the State Treasurer, the Comptroller of the Treasury, the Secretary of State and the Attorney General. The Board has certain jurisdiction in addition to the authority outlined in footnote 1, including the administration of a workmen's compensation system for the benefit of State employees. Its decision with respect to any claim filed with it is final, TCA § 9–814, and cannot be reviewed by the courts. Quinton v. Board of Claims, *supra*, 165 Tenn. 201, 54 S.W.2d 953. It is not a judicial body, but exercises through quasi-judicial functions jurisdiction over certain classified claims prescribed by the State legislature. Hill v. Beeler, 199 Tenn. 325, 328, 286 S.W.2d 868.

No action against the State of Tennessee could have been filed by plaintiffs in either the State or Federal Courts for any negligence of State personnel in the shooting of the cannon resulting in injuries to the minor plaintiff. The only remedy as against the State would have been by filing a claim before the State Board of Claims. Instead of pursuing their remedy before

---

1. *9–812 Injuries and property damage arising from negligence of state employees—Claims based on contract.*—Said board of claims is vested with full power and authority to hear and determine all claims against the state for personal injuries or property damages caused by negligence in the construction and/or maintenance of state highways or other state buildings and properties and/or by negligence of state officials and employees of all departments or divisions in the operation of state-owned motor vehicles or other state-owned equipment while in the line of duty, its awards under this section to be paid out of the general highway fund in the case of claims arising from the negligence of employees of the department of highways and out of the general fund in the case of claims arising from negligence of employees of all other departments.

Said board of claims is vested with full power and authority to hear and determine all claims against the state based upon, or arising out of, any written contract executed as prescribed by law on behalf of any department of the state, and its awards, if any, under this section

are to be paid out of funds of the department in each case available for the performance of the contract.

Any settlement or award made by said board shall be made only after a careful and thorough investigation and examination of all facts and circumstances in controversy and no award or settlement shall be made unless the facts found by said board of claims establish such a case of liability on the part of a department or agency of the state government as would entitle the claimant to a judgment in an action at law, if the state were amenable to such.

No claim provided for under this section may be considered by the board of claims which has not been presented to it by sworn petition duly filed within one (1) year from the date on which the claim first accrued.

The provisions of this section shall apply only to claims against the state arising from the performance of functions of its various departments and agencies imposed upon them by law where in such performance said departments have exclusive control of the personnel and equipment involved.

this Board, plaintiffs elected to file action against the United States.

The District Court held that the United States has a right to recover contribution from the State as joint tort-feasor.

The question of the right to recover contribution from a joint tort-feasor has not followed a consistent course in Tennessee. Originally the right of contribution was grounded in principles of equity, and did not apply to actions arising from a tort. Gibson's Suits in Chancery (5th ed.) § 1012, p. 234. Until recent years Tennessee followed the rule that where two parties participate in the commission of a tort, one tort-feasor is not entitled to contribution from the other. Cohen v. Noel, 165 Tenn. 600, 603, 56 S.W.2d 774; Yellow Cab Co. v. Pewitt, 44 Tenn.App. 572, 316 S.W.2d 17; Fontenot v. Roach, 120 F.Supp. 788 (E.D.Tenn.).[2] This rule has been modified by subsequent decisions: American Gas Co. v. Billingsley, 195 Tenn. 448, 260 S.W.2d 173; Davis v. Broad Street Garage, 191 Tenn. 320, 232 S.W.2d 335; Southern Railway Co. v. Foote Mineral Co., 384 F.2d 224, 227 (6th Cir.); Higgins v. Graves, 337 F.2d 486 (6th Cir.), aff'g, 210 F.Supp. 98 (E.D.Tenn.). We do not find it necessary to pass upon the issue of whether the United States would be entitled to recover contribution under these later decisions if the defendant in the present case had been a private individual, instead of a sovereign State.

■ Suffice it to say that contribution is not available under Tennessee law between joint tort-feasors when there is no common liability between them because one of the tort-feasors is the beneficiary of an immunity. See Chamberlain v. McCleary, 217 F.Supp. 591, 594 (E.D.Tenn.), a case involving a domestic immunity, and authorities therein cited.[3]

Thus, as we interpret the law of Tennessee controlling at the time involved in the present case, the right of contribution between joint tort-feasors was conditioned upon the existence of a common liability of the joint tort-feasors to the injured party. In the absence of common liability, there was no right of contribution. Under the reasoning of Chamberlain v. McCleary, *supra*, where a joint tort-feasor is the beneficiary of an immunity which would preclude liability to the injured party, there is no right of contribution against the immune tort-feasor.

Any right of the United States to contribution from the State of Tennessee is derivative of liability of the State to the injured parties, i. e., the original plaintiffs. Under the doctrine of sovereign immunity, the original plaintiffs could not have maintained a lawsuit against the State of Tennessee. It follows that there is no right of contribution as between the United States and the State.

■ It is contended that the United States has the right to sue the State of Tennessee in a separate action, United States v. Texas, 143 U.S. 621, 12 S.Ct. 488, 36 L.Ed. 285, and therefore can maintain this proceeding against the State as a third party defendant. It is true that the United States generally has a right to sue a State "without regard to the subject of (the) controversies." *Ibid.* at 646, 12 S.Ct. at 494.

Under the facts of the present case, however, involving contribution between

2. The decision of the Supreme Court of Tennessee in Vaughn v. Gill, 264 S.W.2d 805, is not published in the official State reports. It apparently was withdrawn from publication by direction of the Supreme Court of Tennessee.

3. In 1968 Tennessee enacted the Uniform Contribution among Tortfeasors Act, TCA §§ 23–3101—23–3106. This statute provides that no right of contribution among tort-feasors shall exist "where, by virtue of intrafamily immunity, . . . or like immunity, a claimant is barred from maintaining a tort action for injury or wrongful death against the party from whom contribution is sought." This statute, which was enacted after the accident giving rise to the present litigation, appears to have been declaratory of the then existing Tennessee law on this subject.

joint tort-feasors where the right of the United States is derivative of the liability of the State to the original plaintiffs, the same defense would be available in an original action as under a third party complaint. We do not construe United States v. Texas as conferring any right of action under the facts of the present case.

In view of our disposition of the case we find it unnecessary to pass upon the related issues which have been the subject of disagreement among at least three district courts when the United States has filed third party actions against States.[4]

The judgment of the District Court is reversed. The case is remanded with instructions to dismiss the third party complaint.

Bright, Circuit Judge, dissented and filed opinion.

---

4. Lee v. Brooks, 315 F.Supp. 729 (D. Hawaii); Park v. United States, 241 F. Supp. 297 (N.D.N.Y.); Williams v. United States, 42 F.R.D. 609 (S.D.N.Y.).

See also United States v. Illinois, 454 F.2d 297 (7th Cir. Nos. 18,558 18,559, December 8, 1971).