Betty A. HORTON, Appellee,

v.

UNITED STATES of America, Appellee,

v.

CITY OF COLUMBIA, Appellant.

No. 79–1124.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 11, 1980.

Decided May 22, 1980.

Wistar D. Stuckey, Asst. U. S. Atty., Columbia, S. C. (Thomas E. Lydon, Jr., U. S. Atty., Columbia, S. C., on brief), for appellee United States of America.

Mitchell Willoughby, Columbia, S. C. (Stanley G. Freeman, Columbia, S. C., on brief), for appellee Betty A. Horton.

Before RUSSELL and WIDENER, Circuit Judges, and ROBERT J. STAKER, United States District Judge for the Southern District of West Virginia, sitting by designation.

PER CURIAM:

On August 15, 1974 the plaintiff/appellee Betty A. Horton sustained substantial injuries when she fell on the front steps of a United States Postal Service facility in Columbia, South Carolina. This facility was leased by the United States from the City of Columbia pursuant to a lease entered into on May 10, 1967.[1] The district court awarded judgment to Mrs. Horton against the United States in the amount of $46,224. The district court further ordered judgment in like amount in favor of the United States on its third party action against the City of Columbia for indemnification.

Since we believe that the district court properly found that Mrs. Horton was not contributorily negligent and that the Post Office steps did create a hazardous condition, the only issue before this court is whether the United States is entitled to indemnification from the City of Columbia.

In resolving the issue of indemnification, the City contends that state law should be applied while the United States urges the application of federal law. Under the facts of the case at bar this divergence of opinion makes no difference for the result remains the same regardless of the law applied. The law in South Carolina is well settled to the effect that no right of contribution or indemnification exists among joint tortfeasors. *Knight v. Autumn Co., Inc.*, 271 S.C. 112, 245 S.E.2d 602

Danny C. Crowe, Columbia, S. C. (Roy D. Bates, Columbia, S. C., on brief), for appellant.

---

1. Another lease between the United States and the City of Columbia was executed in December of 1974. While the City of Columbia urged that this more recent lease was controlling, we believe the district court properly found the 1967 lease was preeminent.

(1978); *Adcox v. American Home Assur. Co.*, 258 S.C. 331, 188 S.E.2d 785 (1972). The federal law is stated in *United States v. Seckinger*, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970). There the Supreme Court held that no right of indemnification exists in favor of a party whose negligence contributed to the plaintiff's ultimate injury, except where the mutual intent of the joint tortfeasors is to this effect. More specifically the Court stated that:

> ". . . A contractual provision should not be construed to permit an indemnitee to recover for his own negligence unless the court is firmly convinced that such an interpretation reflects the intention of the parties." p. 211, 90 S.Ct. p. 885.[2]

The clause at issue in *Seckinger* provided that the party, against whom indemnification *was sought*, would "be responsible for all damages to persons or property that occur as a result of his fault or negligence" in connection with the prosecution of the work. Certainly the above quoted language comes closer to implying a right of indemnification or recovery over than the lease provisions relating to the lessor's duty to repair in the instant case. Thus it would appear that there is an absence of evidence showing the intent of the parties to create such a right of indemnification.

Thus, a finding of negligence on the part of the United States would act as a bar to any action over against the City of Columbia. At trial both the superintendent at the Capitol Station Post Office and the cleaning contractor for the building testified that they were aware of the indentation in the step which caused Mrs. Horton's fall prior to the date of the accident. This knowledge, which is attributable to the United States under basic principles of agency law, when coupled with the government's failure to make request of the City to repair this defect, constituted negligence. Since we believe that the United States was a joint tortfeasor in this case, the district court's grant of indemnification or recovery over must be reversed.

The result that we reach herein is further bolstered by the effects of the doctrine of sovereign immunity as applied to the facts herein. With one statutorily created exception[3] the doctrine of sovereign immunity continues to enjoy great vitality in the state of South Carolina.[4] Since actions under the Federal Tort-Claims Act are controlled by state law, we are bound to apply this doctrine to the case at bar. 28 U.S.C. § 1346(b); *United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963).

Chief Judge Phillips writing for a unanimous court in *Hill v. United States*, 453 F.2d 839 (6th Cir. 1972), with respect to the effect of sovereign immunity on a third party claim brought by the United States against the State of Tennessee, said:

> "Any right of the United States to contribution from the State of Tennessee is derivative of liability of the State to the injured parties, i. e., the original plaintiffs. Under the doctrine of sovereign immunity, the original plaintiffs could not have maintained a lawsuit against the State of Tennessee. It follows that there is no right of contribution as between the United States and the State." p. 842.

It is of no moment that the defendant herein is a municipality as opposed to the State itself as in *Hill*. The South Carolina Supreme Court has consistently applied

---

2. In accord with this holding are the decisions in *Eastern Gas and Fuel Assoc. v. Midwest-Raleigh, Inc.*, 374 F.2d 451, 454 (4th Cir. 1967), *cert. denied* 389 U.S. 951, 88 S.Ct. 333, 19 L.Ed.2d 360; *Auto Owners Mut. Ins. Co. v. Northern Indiana Pub. Serv. Co.*, 414 F.2d 192, 195 (7th Cir. 1969); *Freed v. Great Atlantic & Pacific Tea Co.*, 401 F.2d 266, 269–70 (6th Cir. 1968); *Batson-Cook Company v. Industrial Steel Erectors*, 257 F.2d 410, 412–13 (5th Cir. 1958).

3. § 5–7–70 South Carolina Code of Laws, 1976 allows actions to be maintained against municipalities for injuries caused by defects in streets, highways, etc.

4. *Teague v. Cherokee Cty. Memorial Hospital*, S.C., 252 S.E.2d 296, 297 (1979).

sovereign immunity to cities and municipalities. *Wright v. City of North Charleston*, 271 S.C. 515, 248 S.E.2d 480 (1978); *Oswald v. Orangeburg*, 154 S.C. 105, 151 S.E. 230 (1928); *Singleton v. City of Sumter*, 180 S.C. 536, 186 S.E. 535 (1936); *Bozard v. City of Orangeburg*, 197 S.C. 447, 15 S.E.2d 642 (1941); *Furr v. City of Rock Hill*, 235 S.C. 44, 109 S.E.2d 697 (1959).

█ It should also be noted that the commercial relationship between the City and the United States has no bearing on the issue of immunity. While a majority of states today find waiver of immunity when the sovereign engages in proprietary functions, such as leasing property, as opposed to purely governmental activities, South Carolina has declined the invitation to adopt this distinction. The decision in *McKenzie v. City of Florence*, 234 S.C. 428, 108 S.E.2d 825 (1959), and its progeny are illustrative of this point.

█ In conclusion, we agree with the court in *Hill* and find that an action for indemnity or contribution is derivative in nature, with its legitimacy dependent upon the injured party's ability to maintain a direct action against the third party defendant. No such right exists in the present case. Moreover, to grant judgment over against the City would be to grant contribution between joint tortfeasors, a right not approved either under state law or, under the facts of this case, under federal law. Accordingly, the judgment over against the City of Columbia in favor of the United States must be reversed. Plaintiff Horton's judgment against the United States, of course, remains intact.

*AFFIRMED IN PART, REVERSED IN PART.*