IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

_____(HEARD IN CLARKSVILLE)

FILED

March 1, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DIANA MORRIS, _____ | ) | FOR PUBLICATION |
| | ) | |
|     Plaintiff/Appellant, | ) | FILED:  MARCH 1, 1999 |
| | ) | |
| v. | ) | TENNESSEE CLAIMS COMMISSION |
| | ) | |
| STATE OF TENNESSEE, | ) | HON. W. R. BAKER, COMMISSIONER |
| | ) | |
|     Defendant/Appellee. | ) | NO. 01-S-01-9804-BC-00076 |

For Appellant:_____    For Appellee:

BILL HODDE                     JOHN KNOX WALKUP
Madison, TN               Attorney General and Reporter

                                 MICHAEL E. MOORE
                                 Solicitor General

                                 MICHAEL W. CATALANO
                                 Associate Solicitor General
                                 Nashville, TN

OPINION

AFFIRMED                                       BIRCH, J.

This case requires us to determine whether the Tennessee Claims Commission has subject-matter jurisdiction over actions filed against the State for the tort of retaliatory discharge.[1] Because we conclude that the Claims Commission does not have such jurisdiction, the judgment of the Court of Appeals vacating the Claims Commission's award and dismissing the retaliatory discharge action is affirmed.

I

The plaintiff was employed as an account clerk in the pharmacy at the Tennessee State Prison in Nashville. On August 24, 1990, she fell and struck her head on the corner of her desk. After recuperating for the weekend at home, the plaintiff attempted to return to work the following Monday morning but could not do so because her head was swollen. Although she "called in" every day after this, the plaintiff remained out of work due to continuing problems from her head injury. The plaintiff filed notice of her claim for workers' compensation benefits with the Division of Claims Administration on September 26, 1990.[2] She was subsequently terminated on October 10, 1990, without ever having returned to work.[3]

_____

[1]Oral argument was heard in this case on October 15, 1998, in Clarksville, Tennessee, as part of this Court's S.C.A.L.E.S. (Supreme Court Advancing Legal Education for Students) project.

[2]Tenn. Code Ann. § 9-8-402(a)(1991 & Supp. 1998) states: "The claimant must give written notice of the claimant's claim to the division of claims administration as a condition precedent to recovery . . . ."

[3]Pursuant to its authority under Tenn. Code Ann. § 9-8-402(c), the Division of Claims Administration determined that the State

On October 15, 1992, the plaintiff filed a formal complaint in the Claims Commission seeking workers' compensation benefits.[4] In the petition, she alleged also that her termination from state employment was the direct result of her having filed a petition for workers' compensation benefits. For this alleged retaliatory discharge, the plaintiff sought damages in the amount of $300,000.

The Claims Commission, in an order entered December 8, 1993, awarded workers' compensation benefits to the plaintiff.[5] In a subsequent order dated January 26, 1995, the Claims Commission, asserting its subject-matter jurisdiction, overruled the State's motion to dismiss the retaliatory discharge action and proceeded to hear the matter. The Commission determined that "[the claimant] has factually and legally established that she was discharged because she filed a workers' compensation claim." The Commission later heard evidence on damages and entered judgment for the plaintiff against the State in the amount of $300,000.

---

should pay medical expenses for the August 24th injury. The Division denied a later claim for additional benefits filed by the plaintiff.

[4]The Claims Commission has jurisdiction over workers' compensation claims by state employees by virtue of Tenn. Code Ann. § 9-8-307(a)(1)(K)(1991 & Supp. 1998), which states: "The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state falling within one (1) or more of the following categories: . . . (K) Workers' compensation claims by state employees . . . ."

[5]No aspect of the workers' compensation claim is included in this appeal.

The Court of Appeals vacated the judgment. In its opinion, the court stated: We need not belabor the point nor engage in analysis where none is require[d]. The Tennessee Claims Commission is without jurisdiction to entertain claims against the State for damages for the tort of retaliatory discharge."

II

As a preliminary matter, because the State is sovereign, suit may be brought against the State only in such a manner and in such courts as the legislature may by law direct. Tenn. Const. art. I, § 17. In May 1984, the General Assembly enacted legislation creating the Tennessee Claims Commission. Act of May 24, 1984, ch. 972, 1984 Tenn. Pub. Acts 1026 (codified as amended at Tenn. Code Ann. §§ 9-8-301 to -307 (1992 & Supp. 1998)). This legislation authorized the filing of suits against the State under certain conditions and bestowed exclusive jurisdiction over several enumerated categories of claims on the Claims Commission. The Commission's jurisdiction is limited as specified in the Act; thus, its jurisdiction cannot be altered except by the General Assembly. Hill v. Beeler, 199 Tenn. 325, 328-29, 286 S.W.2d 868, 869 (1956) (legislative acts conferring jurisdiction upon the Board of Claims to adjudicate claims against the State of Tennessee must be strictly construed).

As stated, the issue presented for our review is whether the Claims Commission has subject-matter jurisdiction to hear and determine suits for retaliatory discharge filed by former state

4

employees.  The plaintiff contends that jurisdiction is derived from three sources, the first of which is Tenn. Code Ann. § 9-8-307(a)(1).

Tennessee Code Annotated § 9-8-307(a)(1) confers jurisdiction on the Tennessee Claims Commission "to determine all monetary claims against the state based on the acts or omissions of 'state employees . . . .'" The statute lists the types of claims that may be brought before the Claims Commission.  The tort of retaliatory discharge is not included on this list.

The plaintiff contends that the second source of jurisdiction is the provisions of Tenn. Code Ann. § 9-8-310 (Supp. 1998), which state:  "(a)  An entity of state government may not terminate a state employee for filing a workers' compensation claim with the claims commission.  (b)  Any employee terminated for filing a workers' compensation claim may file a grievance in accordance with § 8-30-328, alleging a violation of subsection (a)."  The language of this statute, on its face, clearly does not authorize a retaliatory discharge action to be filed with the Claims Commission.  Instead, the remedy provided for retaliatory discharge for a state employee who is terminated for filing a workers' compensation claim with the Claims Commission is to utilize the grievance procedure in accordance with Tenn. Code Ann. § 8-30-328.[6]  Under this statute, the Civil Service Commission may order the employee to be reinstated, or made whole, or both,

---

[6]Tenn. Code Ann. § 8-30-328 (1993 & Supp. 1998) provides for grievance procedures under the Civil Service Commission.

without loss of pay or benefits.  Tenn. Code Ann. § 8-30-328(e). The Civil Service Commission may also award attorney's fees and costs to a successful appealing employee.  Tenn. Code Ann. § 8-30-328(f).

Despite the admittedly clear and unambiguous language of Tenn. Code Ann. § 9-8-310, the plaintiff contends that the legislative history reveals the intent of the General Assembly to invest the Claims Commission with subject-matter jurisdiction over retaliatory discharge actions.  When the language of an act is clear and unambiguous, resort to the legislative history is ordinarily unwarranted.  See Anderson v. Outland, 360 S.W.2d 44, 47 (Tenn. 1962) (stating that "[w]here the words of a statute are clear and plain and fully express the legislative intent, there is no room to resort to auxiliary rules of construction.").  As stated above, we find the language of Tenn. Code Ann. § 9-8-310 to be clear and unambiguous; thus, there is no need to resort to the legislative history.

For the third source, the plaintiff contends that the Claims Commission's jurisdiction over retaliatory discharge actions vests by virtue of its express jurisdiction over workers' compensation claims filed by state employees.  See Tenn. Code Ann. § 9-8-307(a)(1)(K).  It is true that the workers' compensation law prohibiting retaliatory discharge as a device to avoid compensation claims[7] is applicable to the State under Tenn. Code Ann. § 9-8-

_____

[7]Tenn. Code Ann. § 50-6-114 (Supp. 1998) states:  "No contract or agreement, written or implied, or rule, regulation or other device, shall in any matter operate to relieve any employer in

6

307(a)(1)(K)(i).[8]  However, it does not follow, as the plaintiff contends, that jurisdiction over a retaliatory discharge action is thereby conferred on the Claims Commission.  In <u>Van Cleave v. McKee Baking Co.</u>, 712 S.W.2d 94, 95 (Tenn. 1986), this Court specifically held that a retaliatory discharge action is a common law tort claim that is a separate cause of action from a workers' compensation claim.  Because it is a separate tort action, the two claims cannot be joined together.  <u>See</u> <u>Smith v. Lincoln Brass Works Inc.</u>, 712 S.W.2d 470, 472 (Tenn. 1986) ("A claim for damages for retaliatory discharge is a tort action and cannot be joined with a workers' compensation claim.").  Thus, a retaliatory discharge action against the State must have its own basis of jurisdiction in the Claims Commission separate and apart from the Claims Commission's jurisdiction over workers' compensation claims.

III

Because actions for retaliatory discharge are separate tort actions from workers' compensation cases, and because the General Assembly has not expressly or implicitly included such actions within the Claims Commission's statutory jurisdiction, we hold that the Claims Commission does not have subject-matter jurisdiction over these actions.

---

whole or in part of any obligation created by this chapter except as herein provided."  The Court has stated that retaliatory discharge is considered a prohibited "device."  <u>Clanton v. Cain-Sloan Co.</u>, 677 S.W.2d 441, 445 (Tenn. 1984).

[8]Tenn. Code Ann. § 9-8-307(a)(1)(K)(i) states, in pertinent part, that "[s]ection 50-6-114 shall apply to workers' compensation claims against the state."

The judgment of the Court of Appeals is affirmed.  The costs of this appeal are taxed to the plaintiff.

_____
ADOLPHO A. BIRCH, JR., Justice

CONCUR:

Anderson, C.J.
Drowota, Holder, Barker, JJ.