IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 17, 2006 Session

## DEWAYNE EDWARD HOLLOWAY v. STATE OF TENNESSEE

**A Direct Appeal from the Tennessee Claims Commision**
**No. 20401895    The Honorable Nancy C. Miller-Herron, Commissioner**

---

**No. W2005-01520-COA-R3-CV  - Filed February 3, 2006**

---

This is a claim filed against the State by a minor-decedent's father for the wrongful death of the minor-decedent based on T.C.A. 9-8-307 (a)(1)(E) (Negligent Care, Custody and Control of Person). Claims Commissioner found that the State did not have care, custody and control of the minor child and, therefore, the Claims Commission is without jurisdiction to consider the claim. Father appeals. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Claims Commission Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Irvin M. Salky of Memphis for Appellant, Dewayne Edward Holloway

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General for Appellee, State of Tennessee

### OPINION

On June 16, 2004, DeWayne Edward Holloway ("Appellant") filed a claim with the Division of Claims Administration against the State of Tennessee ("State" or "Appellee"). Subsequently, the Division of Claims transferred the claim to the Tennessee Claims Commission ("Claims Commission"), pursuant to T.C.A. § 9-8-402 (c). The claim, as originally filed, states:

> Dewayne Edward Holloway's son Dewayne Roreco Holloway was physically abused by his mother, Lisa Marie Butler, on or about April 5, 2003. However, the Dept. of Children's Services failed to properly investigate this incident or take appropriate action to prevent the mother from abusing the child again on June 17, 2003, causing his death.

After the claim was transferred to the Claims Commission, a Complaint was filed, which states in pertinent part:

2. Plaintiff is a citizen and resident of Memphis, Shelby County, Tennessee and is the natural father and next of kin to Dewayne Roreco Holloway, a deceased minor child.

3. At all times relevant to this cause of action, the deceased minor child Dewayne Roreco Holloway, was a resident citizen of Memphis, Shelby County, Tennessee.

4. The defendant State of Tennessee Department of Children's Services is an official agency of the State of Tennessee, charged with the responsibility and duty to protect the safety and welfare of the children of Tennessee, with its principal office located in Nashville, Tennessee.

5. On or about April 5, 2003, plaintiff's minor son Dewayne Roreco Holloway was taken to Methodist Lebonheur Children's Medical Center ("Lebonheur") located at 50 N. Dunlap St., Memphis, Tennessee by his mother Lisa Marie Butler for medical treatment for the chief complaint of fever. Plaintiff would show that, upon examination of the minor by Lebonheur's medical personnel, including but not limited to nurses and doctors, it became known and charted that the minor had suffered severe and traumatic physical injuries very recently to his head.

6. Subsequent to this visit at Lebonheur, the minor child's mother presented him again for medical treatment on or about April 10, 2003; and he was diagnosed and treated for left forearm fracture.

7. Subsequently, on June 17, 2003, the minor child was again brought to Lebonheur by his mother; and he was pronounced dead from blunt trauma to the head.

8. Upon being notified of the injuries and circumstances of the child Dewayne Roreco Holloway by one or more of his relatives, the defendant State of Tennessee Department of Children's Services, through its employees and personnel, had a duty to conduct a complete and thorough investigation into those injuries and circumstances.

9. Plaintiff alleges that had DCS conducted a proper investigation into the child's welfare, it would have concluded that the child had been neglected and/or abused by his mother Lisa Marie Butler and/or others and would have further concluded that effective supervision or a change in custody or entry into foster care was necessary for the protection of the child from further abuse or neglect.

10. As a result of DCS's failure to properly investigate this matter and to take appropriate action to prevent further abuse or neglect, Dewayne Roreco Holloway sustained further severe injuries which resulted in his death.

11. As a direct and proximate result of the negligent conduct and omissions of defendant State of Tennessee Department of Children's Services, Dewayne Roreco Holloway suffered further severe injuries, physical pain, and mental suffering for the period of time from the date DCS was notified of the child's injuries and circumstances until his death.

12. As a direct and proximate result of the negligent conduct of defendant State of Tennessee Department of Children's Services, Dewayne Roreco Holloway suffered loss of earning capacity, loss of time, and the pecuniary value of his life.

13. As a direct and proximate result of the negligence of defendant State of Tennessee Department of Children's Services, Claimant Dewayne Edward Holloway has been deprived of his son's companionship, care, support, and the pecuniary value of his son's life.

The State filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Tenn. R. Civ. P. 12.02 (1). On December 21, 2004, the Commissioner entered an order granting in part the State's motion to dismiss pertaining to the Mr. Holloway's allegation that, if a proper investigation of the child's injury had been made, then the child would have been removed from the home, and his death would not have ensued. The court considered this claim, pursuant to T.C.A. § 9-8-307 (a)(1)(N), which provides:

**9-8-307. Jurisdiction - Claims - Waiver of actions - Standard for tort liability - Damages - Immunities - Definitions - Transfer of claims.**

(a) (1) The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of "state employees," as

defined in § 8-42-101(3), falling within one (1) or more of the following categories:

\* \* \*

(N) Negligent deprivation of statutory rights created under Tennessee law, except for actions arising out of claims over which the civil service commission has jurisdiction. The claimant must prove under this subdivision (a)(1)(N) that the general assembly expressly conferred a private right of action in favor of the claimant against the state for the state's violation of the particular statute's provisions; . . .

Mr. Holloway argued that the State has a statutory duty to conduct a proper investigation and was negligent in the fulfillment of that duty. The Commissioner found that, even if there was a duty, she could not decide the law because there was no private right of action, and the claimant had not properly stated a claim for relief. The court's ruling in this regard was not presented as an issue on this appeal.

On May 24, 2005, the Commissioner entered an order of dismissal as to Appellant's remaining claim on the jurisdiction of the Claims Commission pursuant to T.C.A. § 9-8-307 (a)(1)(E). The Commissioner perceived that Mr. Holloway was asserting that the State's liability rests with its failure to decide whether to take care, custody and control of the deceased minor in order to protect him from further harm. The Commissioner stated that there was no showing or allegation that there was negligence by State employees while the minor decedent was in the care, custody and control of the State.

Claimant appeals and presents one issue for review:

Whether, as a matter of law and fact, the negligent conduct and omissions by the State of Tennessee's Department of Children's Services ("DCS") in regard to appellant's deceased child established subject matter jurisdiction before the Tennessee Claims Commission pursuant to Tennessee Code Annotated Section 9-8-307(a)(1)(E), "negligent care, custody and control of persons."

"Subject matter jurisdiction involves the nature of the cause of action and the relief sought and can only be conferred on a court by a constitutional or a legislative act." *Northland Ins. Co. v. State*, 33 S.W. 2d 727, 729 (Tenn. 2000). There is no dispute as to the facts, and a determination of whether subject matter jurisdiction exists is a question of law for the court. The standard of review is *de novo* without a presumption of correctness. *Northland* at 729.

Tenn. Const. art. I, § 17 provides, in pertinent part, that "[s]uits may be brought against the state in such a manner and in such courts as the legislature may by law direct." It is well settled that statutes passed by the Legislation, under the authority of article 1, section 17 must be strictly construed, to wit:

> The courts of this state have traditionally held that any statute granting jurisdiction to hear a claim against the state must be strictly construed, as any such statute is in derogation of the common law rule of sovereign immunity. ***See, e.g., Norman v. Tennessee State Bd. of Claims***, 533 S.W.2d 719, 722 (Tenn.1975) ("We further recognize that the statutory provisions governing the Board of Claims have been strictly construed, in view of the fact that they do represent an encroachment upon the sovereign immunity and upon the assets of the State."); ***State ex rel. Allen v. Cook***, 171 Tenn. 605, 609, 106 S.W.2d 858, 860 (1937) ("Statutes passed by the Legislature, under the authority of article 1, section 17, of the Constitution, permitting suits against the state, being in      derogation of the sovereign's exemption from suits, must be strictly construed.").

***Stewart v. State***, 33 S.W.3d 785, 790-91 (Tenn. 2000).

The jurisdiction granted under the statutes that permit suits against the state, being in derogation of the state's inherent exemption from suit, cannot be enlarged by implication. ***Beare Co. v. Olsen***, 711 S.W.2d 603 (Tenn. 1986) (citing ***Hill v. Beeler***, 199 Tenn. 325, 286 S.W.2d 868 (1956).

Appellant argues that the Court should give due deference to the admonition of the legislature in T.C.A. § 9-8-307 (a)(3): "It is the intent of the general assembly that the jurisdiction of the claims commission be liberally construed to implement the remedial purposes of this legislation." We have no argument with the Appellant's position. However, as our Supreme Court has stated in ***Stewart, supra***:

> If the legislature intends that its statutes waiving sovereign immunity are to "be liberally construed," then the courts should generally defer to this expressed intention in cases where the statutory language legitimately admits of various interpretations. A policy of liberal construction of statutes, however, only requires this Court to give "the most favorable view in support of the petitioner's claim," ***Brady v. Reed***, 186 Tenn. 556, 563, 212 S.W.2d 378, 381 (1948), and such a policy "does not authorize the amendment, alteration or extension of its provisions beyond [the statute's] obvious meaning." ***Pollard v. Knox County***, 886 S.W.2d 759, 760 (Tenn.1994). Moreover, "[w]here a right of action is dependent upon the provisions of a statute ⋯ we are not privileged to create such a right under the guise

of a liberal interpretation of it." ***Hamby v. McDaniel***, 559 S.W.2d
774, 777 (Tenn.1977).

*Stewart,* 33 S.W.3d at 791.

In a case closely analogous to the case at bar, ***Draper v. State***, No. E2002-02722-COA-R3-CV, 2003 WL 22092544 (Tenn. Ct. App. Sept. 4, 2003), plaintiff-parent of deceased child filed a claim against the Tennessee Department of Children's Services and an individual, and the Claims Commissioner found there was a lack of subject matter jurisdiction. The "plaintiff contends that the Commission had jurisdiction pursuant to T.C.A. § 9-8-307 (a)(1)(E), which states that the Commission has exclusive jurisdiction to determine a claim against the State based on the acts or omissions of a State employee for the 'negligent care, custody and control of persons.'" ***Draper*** at *2. In ***Draper,*** as in the case at bar, there was no proof nor allegation that the State had taken the child into its custody, care and control. The substance of the complaint was that the State should have done so. This Court not only noted that there was not a grant of proper right of action for the State's failure to remove, but also found that the statute does not confer jurisdiction under T.C.A. § 9-8-307 (a)(1)(E) when the child was not taken into custody by the State.

We agree with the Commissioner in the instant case that there is neither allegation nor proof that the deceased child in this case was ever in the care, custody and control of the State. To the contrary, Appellant's action is premised on the failure of the State to take care, custody and control of the minor decedent.

Accordingly, the judgment of the Commissioner is affirmed. Costs of this appeal are assessed to the Appellant, Dewayne Edward Holloway, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.