**UNITED STATES of America, Plaintiff,**

v.

**Raymond BURCZYK, Defendant and Third-Party Plaintiff,**

v.

**Daniel W. HOWARD et al., Third-Party Defendants.**

No. 72-C-689.

United States District Court, E. D. Wisconsin.

June 17, 1975.

William J. Mulligan, U. S. Atty., by John E. Nelson, Milwaukee, Wis., for plaintiff.

James F. Bremer, Waterford, Wis., for Village of Waterford.

W. H. Putnam, Madison, Wis., for Dept. of Industry.

Heft, Coates, Heft, Henzl & Bichler by Carroll R. Heft, Racine, Wis., for Burczyk.

Gregory Gramling, Jr., Milwaukee, Wis., for Howard.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff, United States, has moved for an order requiring the third-party defendants to respond to the plaintiff's interrogatories. I hold that the motion should be granted.

In its complaint, the United States asks that Mr. Burczyk be held personally responsible for his conduct as receiver; in the latter capacity, Mr. Burczyk is charged with having failed to give prior-

ity to the claim of the United States for unpaid taxes pursuant to 31 U.S.C. § 191 and § 192.

In a rambling, repetitive 32-page brief, the third-party defendants seem to rely on the premise that they are not obligated to answer the plaintiff's interrogatories in view of the fact that they are not adverse parties to the plaintiff; the United States has sued Mr. Burczyk, but it has not sued the third-party defendants.

The third-party defendants are apparently under the erroneous impression that Rule 33, Federal Rules of Civil Procedure, is directed at interrogatories to an "adverse party." This requirement was removed in the 1970 amendments to the federal rules, and now the words "other parties" appear in place of the words "adverse party." In interpreting this change, the Notes of the Advisory Committee (which are quoted at page 320 of the United States Code Annotated's discussion of Rule 33) state as follows:

"The restriction to 'adverse' parties is eliminated. The courts have generally construed this restriction as precluding interrogatories unless an issue between the parties is disclosed by the pleadings—even though the parties may have conflicting interests. E. g., Mozeika v. Kaufman Construction Co., 25 F.R.D. 233 (E.D.Pa.1960) (plaintiff and third-party defendant); Biddle v. Hutchinson, 24 F.R.D. 256 (M. D.Pa.1959) (codefendants). The resulting distinctions have often been highly technical. In Schlagenhauf v. Holder, 379 U.S. 104 [85 S.Ct. 234, 13 L.Ed.2d 152] (1964), the Supreme Court rejected a contention that examination under Rule 35 could be had only against an 'opposing' party, as not in keeping 'with the aims of a liberal, nontechnical application of the Federal Rules.' 379 U.S. at 116 [85 S.Ct. 234]. Eliminating the requirement of 'adverse' parties from Rule 33

brings it into line with all other discovery rules."

Therefore, it is ordered that the motion of the United States to compel answers to interrogatories be and hereby is granted.