*822 OPINION OF THE COURT
Martin B. Stecher, J.
In this action brought by a plaintiff against a physician and a hospital for malpractice, the hospital moves to dismiss the physician’s cross complaint.
The plaintiff sued both defendants in a single action. The physician, in its answer, pleaded the usual, confused claim against the hospital for contribution and indemnification, alleging no facts except by reference to the complaint. Summary judgment has been granted the defendant hospital against the plaintiff by reason of a prior order of preclusion entered in favor of the hospital against the plaintiff.
Whether or not a person has been made a defendant, contribution may be sought against him (CPLR 1401); and contribution may be sought by cross claim, counterclaim or third-party action in a pending proceeding (CPLR 1403); or by independent action. The right, therefore, of the defendant doctor to assert a claim against the hospital cannot be abridged by the judgment entered on an order of preclusion (Klinger v Dudley, 41 NY2d 362).
Obviously, a cross claim can only be asserted against another defendant (CPLR 3019, subd [b]). The hospital is no longer a defendant. Not having the device of cross claim available, the defendant physician is entitled to proceed as a third-party plaintiff (Londino v Health Ins. Plan of Greater N. Y., 93 Misc 2d 18). There is, however, a significant difference between these forms of action by defendants. On a Dole v Dow (30 NY2d 143) claim for apportionment (this cross claim), a defendant may rely on the plaintiff’s complaint and the plaintiff’s proof under that complaint to establish the cross claimant’s right to relief. That is obviously impossible here both under the order of preclusion and the summary judgment.
Under a third-party proceeding, it is the defendant physician who will bear the burden of proof against the hospital which gives rise to a variety of consequences. For one thing, a third-party complaint, alleging facts establishing a cause of action, must be served. For another, a third-party defendant is entitled to particulars of the claim and disclosure (CPLR art 31). A third-party defendant is entitled to no fewer procedural safeguards than is a defendant and is entitled to be informed of the case against him.
*823 Accordingly, the motion is granted to the extent only of striking the cross complaint; and the defendant Kahn may, within 20 days after service of a copy of this order with notice of entry, serve a third-party complaint upon the other parties. Failure to serve such a pleading shall result in the entry of a judgment of dismissal, but not on the merits, as the defendant physician may, if he wishes, await the outcome of this action before instituting an action for contribution. The third-party defendant may demand a bill of particulars within the time limited to serve its answer and any further disclosure shall be completed within 45 days after joinder of issue.