Joanna ANDRULONIS, Individually, and as Conservator of the Property of Jerome Andrulonis, Plaintiffs,

v.

UNITED STATES of America, Glatt Air Techniques, Inc., Glatt GmbH (Germany), Wisconsin Alumni Research Foundation, Inc., Dale Wurster, Warf Institute, Inc., Raltech Scientific Services, Inc., Ralston Purina Company, Eli Lilly and Company and John L. Thompson and Sons and Company, Defendants.

UNITED STATES of America, Third Party Plaintiff,

v.

NEW YORK STATE DEPARTMENT OF HEALTH, Third Party Defendant.

No. 79–CV–847.

United States District Court, N.D. New York.

Nov. 2, 1982.

Roemer & Featherstonhaugh, Albany, N.Y., for plaintiffs; Dean J. Higgins, Albany, N.Y., of counsel.

Anderson Russell Kill & Olick, P.C., New York City, Paul F. Donahue Associates, Albany, N.Y., for defendant Glatt GmbH (Germany); Irene C. Warshauer, Marcy Louise Kahn, New York City, of counsel.

Carter, Conboy, Bardwell, Case & Blackmore, Albany, N.Y., for defendant Wisconsin Alumni Research Foundation; Jeffrey J. Tymann, Albany, N.Y., of counsel.

McNamee, Lochner, Titus & Williams, Albany, N.Y., for defendants Raltech Scientific Services, Inc. and Ralston Purina Co.; Paul Scanlon, Albany, N.Y., of counsel.

Maynard, O'Connor & Smith, Schenectady, N.Y., for defendant Warf Institute, Inc.; Richard Gershon, Schenectady, N.Y., of counsel.

Bouck, Holloway & Kiernan, Albany, N.Y., for defendant Dale Wurster; Stephen M. Kiernan, Albany, N.Y., of counsel.

Ainsworth, Sullivan, Tracy & Knauf, Albany, N.Y., for defendant Eli Lilly and Co. & John L. Thompson & Sons & Co.; Thomas F. Tracy, Albany, N.Y., of counsel.

Galef & Jacobs, New York City, for defendant Glatt Air Techniques, Inc.; Christopher M. Houlihan, New York City, of counsel.

Frederick J. Scullin, Jr., U.S. Atty., Robert Abrams, Atty. Gen. of State of N.Y., Albany, N.Y., for defendant N.Y. State Dept. of Health; William Fanciullo, Asst. U.S. Atty., James Tuttle, Asst. Atty. Gen., Albany, N.Y., of counsel.

M. Faith Burton, Washington, D.C., of counsel, for U.S.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

Presently before the Court is a motion by third-party defendant New York State Department of Health (State) for an Order pursuant to Fed.R.Civ.P. 26(c) vacating plaintiff's interrogatories directed to the State. The State contends that this Court lacks jurisdiction to issue an Order compelling it to respond to interrogatories from plaintiff because of the bar of sovereign immunity. Since plaintiff could not directly assert a claim against the State in federal court due to the eleventh amendment, the State argues that plaintiff should not be allowed to propound interrogatories to it solely because of its status as a third-party defendant to the plaintiff's Federal Tort Claims suit against the United States.

■ The eleventh amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The passage of this amendment had the effect of barring private litigation in the federal courts commenced by citizens against the states as sovereigns. Thus, the State is correct in the present case that plaintiff could not

have directly asserted a claim against it in the federal courts. Nevertheless, the State is properly before the Court as a third-party defendant. *See* Fed.R.Civ.P. 14.

That this Court has jurisdiction over the claim by the United States against the State is not disputed. *See* 28 U.S.C. § 1345 (1976); *United States v. California,* 655 F.2d 914 (9th Cir.1980); *Hill v. United States,* 453 F.2d 839 (6th Cir.1972); *United States v. Illinois,* 454 F.2d 297 (7th Cir. 1971); *Williams v. United States,* 42 F.R.D. 609 (S.D.N.Y.1967). Therefore, the only question that must be addressed is whether the State may avoid discovery from the plaintiff despite its position as a party to the action.

Surprisingly, the State has cited no authority for the proposition that it may resist federal discovery in an action where it has been properly impleaded. Instead, the State relies solely on one provision of New York's Civil Practice Law and Rules. According to N.Y.Civ.Prac.Law § 3102(f) (McKinney 1970) (hereinafter cited as CPLR), in actions to which the State is a party, the State may be compelled to respond to all methods of disclosure *except* interrogatories or requests for admissions. The CPLR of course has no application in the federal courts and it is clear that the Federal Rules of Civil Procedure, and along with them the federal discovery rules, apply to the instant suit. Still, the State argues that CPLR 3102(f) applies by analogy and clearly demonstrates the limited intent of the lifting of sovereign immunity by the New York State Legislature.

■ As a general principle of the common law, a sovereign could not be sued in its courts without its consent. *See generally* J. Davison, *Claims Against the State of New York* 3–13 (1954). Throughout the history of the State, however, there have been numerous instances where the State has waived its sovereign immunity for various types of claims. For example, as early as 1817, the State allowed claims to be asserted after appropriation of private property for use as navigational canals. *Id.*

at 14. The current waiver of immunity is found in section 8 of the Court of Claims Act which provides as follows:

The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article. Nothing herein contained shall be construed to affect, alter or repeal any provision of the workmen's compensation law.

N.Y.Ct.Cl. Act § 8 (McKinney 1963). Thus, persons having claims against the state may have their claims adjudicated in the Court of Claims. As to discovery, the general principles of state practice apply subject of course to CPLR 3102(f). This provision, however, has been severely criticized. *See* CPLR 3102(f) practice commentary C3102:10. The commentators believe that the rationale for this provision is unconvincing, *see* D. Siegel, *New York Practice,* § 352 at 438 (1978), and point to the fact that the State is subject to the full complement of non-party discovery devices. *Id.* In any event, the CPLR has no bearing on the instant proceeding.

Under the Federal Rules of Civil Procedure, the following methods of discovery are available to litigants: depositions pursuant to Rule 30, depositions upon written questions pursuant to Rule 31, interrogatories pursuant to Rule 33, discovery and production of documents and things pursuant to Rule 34, physical and mental examinations pursuant to Rule 35, and the request for admission of facts and the genuineness of documents pursuant to Rule 36. As in state practice, depositions may be directed to non-party witnesses. Consequently, the State would have to produce a person for depositions regardless of the decision of this Court.

With regard to interrogatories, the subject of the instant cause, Rule 33 provides in pertinent part that

(a) *Availability; Procedures for Use.* Any party may serve upon any other party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. . . .

Based on the clear language of the Rule, therefore, interrogatories may not be served on a person not a party. 4A J. Moore, *Moore's Federal Practice,* ¶ 33.06 at 33–33 (2d ed. 1982). However, no degree of adversity between the parties is required in order to serve interrogatories. This represents a change from prior practice, but as the Notes of the Advisory Committee point out, the 1970 amendments eliminated the adversity requirement and thereby furthered the liberal, nontechnical application of the Federal Rules. Fed.R.Civ.P. 33(a) advisory committee's note to 1970 amendment (citing *Schlagenhauf v. Holder,* 379 U.S. 104, 116, 85 S.Ct. 234, 241, 13 L.Ed.2d 152 (1964)).

The Court has found only one case construing the 1970 amendment to Rule 33 in such a way as to have application to the present case. In *United States v. Burczyk,* 68 F.R.D. 465 (E.D.Wis.1975), the district court held that the third-party defendants were required to respond to plaintiff's interrogatories despite the fact that the plaintiff had not directly sued the third-party defendants. Although not faced with an immunity issue, the court in *Burczyk* cited the elimination of the adversity requirement of Rule 33 as support for its order compelling discovery. *Id.* at 466.

Based upon the foregoing, certain observations can be made. The State is properly before this Court as a third-party defendant, and as such, is fully subject to any Order this Court might issue respecting discovery. The eleventh amendment bars any direct claims by plaintiff against the State, but has no effect on the third-party claim asserted by the United States. While CPLR 3102(f) provides that the State may not be required to respond to interrogatories in state court proceedings, it clearly does not apply to the instant case. Finally,

Rule 1 of the Federal Rules of Civil Procedure provides that the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Therefore, in view of the plain language of Rule 33 and the policy behind the Federal Rules as a whole, the Court finds that the State may be, and is hereby Ordered to respond to the interrogatories propounded by plaintiff. The State's claim of immunity to bar such interrogatories is rejected.

It Is So Ordered.