Elizabeth BARRETT, as Administratrix of the Estate of Harold Blauer, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

UNITED STATES of America, Third-Party Plaintiff,

v.

STATE OF NEW YORK, Third-Party Defendant.

No. 76 Civ. 1061 (CBM).

United States District Court, S.D. New York.

Sept. 8, 1987.

---

Rudolph W. Guiliani, U.S. Atty. by Beth A. Kaswan, New York City, for defendant and third-party plaintiff.

Robert Abrams, Atty. Gen. of the State of N.Y. by Barrie L. Goldstein, New York City, for third-party defendant.

**OPINION**

MOTLEY, District Judge.

On June 27, 1986, this court granted the United States leave to file a third-party complaint against the State of New York (the State) in the case of *Barrett v. United States.* The complaint asserted claims for contribution and indemnity. Because this court has since determined that the United States is not liable for any negligence on the part of the State, *see Barrett v. United States,* 660 F.Supp. 1291, 1315 (S.D.N.Y. 1987), the United States no longer has any claim for indemnity against the State. The United States does, however, continue to press its claim for contribution.

The State now moves this court to vacate the June 27 order. It argues that the court should not have granted the order because the United States delayed excessively in filing the third-party complaint. The court rejected this argument when it issued the order in question, and the State makes no new arguments that persuade the court that its decision was incorrect.

In the alternative, the State asks the court to dismiss the third-party complaint, pursuant to Fed.R.Civ.P. 12(b)(1) and (6). It argues: 1) that the release executed by Amy Blauer in 1955 bars any action for contribution against the State, 2) that the judgments issued in 1955 and 1976 by the New York Court of Claims preclude the United States' claim, 3) that the United States fails to state a claim, and 4) that the Eleventh Amendment to the United States Constitution bars the United States' claim. For the reasons that follow, the court finds these arguments without merit.

*1. The Release*

As a defense to the United States' claim for contribution, the State points to a re-

lease it obtained from Amy Blauer in 1955. *See Barrett,* 660 F.Supp. at 1300–06 (describing the circumstances surrounding the execution of the release). It says that New York law in effect in 1955 required tortfeasors to be subject to a joint judgment before a right of contribution could exist. *See Brown v. Cranston,* 132 F.2d 631, 633 (2d Cir.1942), *cert. denied sub nom. Cranston v. Thompson,* 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698 (1943); *Fox v. Western New York Motor Lines, Inc.,* 257 N.Y. 305, 308, 178 N.E. 289, 289–90 (1931). The rule implied that a defendant who had been released from liability to the injured party could not be required to contribute to payment of any judgment obtained by that plaintiff against another tortfeasor. *See Franzek v. Calspan Corp.,* 78 A.D.2d 134, 139, 434 N.Y.S.2d 288, 291 (4th Dep't 1980). The State says that under this law the release bars the United States' claim.

The United States responds to this argument by questioning the validity of the release. New York admits that if the release is invalid, then the United States' right to contribution is governed by New York General Obligations Law § 15–108, which entitles a defendant to sue for contribution on the basis of an equitable apportionment of the wrong. The State claims, however, that the United States has no standing to challenge the validity of the release.

■ The rule barring actions for contribution against a joint tortfeasor who has obtained a release rests upon the assumption that the parties to the release negotiated in good faith. When this assumption fails, enforcement of the rule may no longer be appropriate. Courts may therefore permit joint tortfeasors seeking contribution to question the good faith of the parties to the release by, for example, alleging collusion between the releasor and the releasee. *See Franzek,* 78 A.D.2d at 141, 434 N.Y.S.2d at 292. The court sees no reason why other sorts of bad faith ought not similarly to provide grounds for challenge of a release by a third party whose rights to contribution are in jeopardy. *Cf. Gregory v. Garrett Corp.,* 578 F.Supp. 890, 893

n. 7 (S.D.N.Y.1984) ("[T]he Court is not persuaded that [collusion] is the only way to establish bad faith."). It would surely be inconsistent with the purpose of the rule—to promote fair settlements—to extend the rule's protection to a tortfeasor who defrauds an injured party in obtaining a release. The court therefore concludes that where, as here, a third party alleges that a release was procured by fraud, the releasee should not be permitted to rely upon the release as a bar to an action for contribution. When good faith is in doubt, the validity of the release becomes a question of fact to be determined at trial. *Cf. Barrett v. United States,* 622 F.Supp. 574, 585 (S.D.N.Y.1985) (holding that an issue of fact existed as to whether the release issued by Amy Blauer was procured by fraud).

### 2. Res Judicata

■ The State argues that the doctrine of *res judicata* bars the United States' third-party action for contribution. The State points out that in 1955, the New York Court of Claims entered judgment for Amy Blauer in her wrongful death action against the State of New York. Also, in 1976, the Court of Claims dismissed Elizabeth Barrett's C.P.L.R. § 3102 petition for pre-suit discovery, holding that she stated no new cause of action against the State merely by alleging that the United States had supplied the drug that killed her father. The judgments do not bar the United States' claim, however, because

[f]or a judgment in a prior action to be a bar to reaching the merits in a subsequent action it is firmly established that the prior judgment must have been rendered by a court of competent jurisdiction, been a final judgment on the merits, and that the same cause of action and the same parties or their privies were involved in both suits.

*Herendeen v. Champion Int'l Corp.,* 525 F.2d 130, 133 (2d Cir.1975). If the release turns out to have been procured by fraud, then the judgment issued in 1955 is more appropriately viewed as a means of implementing a fraudulent settlement than as a decision on the merits. Until the question

of fraud is resolved, the 1955 judgment cannot serve to bar the United States' claim. The court has noted before that the 1976 decision was not a judgment on the merits. *See Barrett*, 660 F.Supp. at 1312 (S.D.N.Y.1987) (citing *In re Teltronics Serv., Inc.*, 762 F.2d 185, 190 (2d Cir.1985)). Moreover, even if the Court of Claims had decided both cases on the merits, the United States' action cannot be barred by the judgments because it was not a party to either case.

### 3. Failure to State a Claim

◼ The State argues that the United States fails to state a claim because the third-party action is derivative of Elizabeth Barrett's, and she cannot maintain an action against the State. But New York law permits a third-party plaintiff to file a complaint for contribution even if the primary plaintiff cannot maintain a direct suit against the third-party defendant. *See Klinger v. Dudley*, 41 N.Y.2d 362, 368, 393 N.Y.S.2d 323, 328, 361 N.E.2d 974, 978–79 (1977); *Figueroa v. Kahn*, 101 Misc.2d 821, 822, 422 N.Y.S.2d 274, 275 (S.Ct.1979). The cases that the State cites to the contrary are clearly distinguishable from the present one. The New York Court of Appeals barred contribution in *Holodook v. Spencer*, 36 N.Y.2d 35, 364 N.Y.S.2d 859, 324 N.E.2d 338 (1974) because the alleged underlying tort was not cognizable as a matter of law. It barred contribution in *Barry v. Niagara Frontier Transit System, Inc.*, 35 N.Y.2d 629, 364 N.Y.S.2d 823, 324 N.E.2d 312 (1974) because it determined that the third-party defendant had not violated any duty of care to the primary plaintiff. Neither of these grounds applies in this case. In *Lee v. Brooks*, 315 F.Supp. 729, 732 (D.Hawaii 1970), the court disallowed a claim for contribution because state law would not have permitted the primary plaintiff, a state employee, to sue the state in tort for injuries incurred while on the job. Claims for contribution failed in *Horton v. United States*, 622 F.2d 80, 83 (4th Cir.1980); *Hill v. United States*, 453 F.2d 839, 842 (6th Cir.1972) because the states in question had not waived their immunity from suit. But, under the cir-

cumstances of the present case, New York law permits tort suits—as well as suits for contribution—against the state. *See Gates-Chili Central School District v. State*, 55 A.D.2d 44, 389 N.Y.S.2d 716 (4th Dep't 1976). The court, therefore, concludes that the United States states a claim for contribution against the State.

### 4. The Eleventh Amendment

◼ The Eleventh Amendment says: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign States." The State concedes that the amendment does not "as a general rule" apply to actions by the United States against a state. It argues, however, that this court should recognize an exception to the general rule when the United States brings a third-party action to insulate itself from liability under the Federal Tort Claims Act (the Act), 28 U.S.C. §§ 1346 *et seq.* (1982). The State says that the Act requires that the United States be treated as if it were a private party—even for the purpose of applying the Eleventh Amendment. But the cases the State cites as authority for this proposition do not even mention the Eleventh Amendment. They merely discuss certain similarities between the treatment of the United States and the treatment of private parties when the United States is a *defendant* in a claim pursuant to the Act. *See United States v. Yellow Cab Co.*, 340 U.S. 543, 552, 71 S.Ct. 399, 405, 95 L.Ed. 523 (1951) (reasoning that the United States should be susceptible to suit for contribution in the same courts as private parties); *Lambertson v. United States*, 528 F.2d 441, 444 (2d Cir.), *cert. denied*, 426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374 (1976) ("[I]f the state would look to a state or federal statute in determining the liability of a private party for the tort in question, the same statute will be applied in measuring the conduct of the Government....") This court, therefore, agrees with the majority of courts that have held that the

Eleventh Amendment does not bar the United States from impleading a state. *See Parks v. United States,* 784 F.2d 20, 24 (1st Cir.1986); *United States v. Illinois,* 454 F.2d 297 (7th Cir.1971); *United States v. California,* 328 F.2d 729 (9th Cir.), *cert. denied,* 379 U.S. 817, 85 S.Ct. 34, 13 L.Ed.2d 29 (1964); *Andrulonis v. United States,* 96 F.R.D. 43 (N.D.N.Y.1982); *Williams v. United States,* 42 F.R.D. 609 (S.D.N.Y.1967).

None of the arguments proffered by the State show that this action should not proceed to trial. The State's motion to vacate the court's order of June 27, 1986 or in the alternative to dismiss the third-party complaint against it is therefore denied.