Gilbert WHITE, Director of Finance, City of Knoxville and Jayne Ann Woods, Commissioner of Revenue, State of Tennessee, Appellants,

v.

RODEN ELECTRICAL SUPPLY COMPANY, INC., Appellee.

Supreme Court of Tennessee.

April 26, 1976.

R. A. Ashley, Jr., Atty. Gen., William J. Haynes, Jr., Asst. Atty. Gen., Nashville, for appellants.

W. L. Ambrose, Jr., Ambrose, Wilson, Lockridge & Grimm, Knoxville, for appellee.

## OPINION

FONES, Justice.

The issue presented here is whether appellee taxpayer forfeits an otherwise valid tax credit under T.C.A. § 67–5814 because of a delinquent filing of its business tax return.

We affirm the Chancellor's decision that the tax credit is not forfeited and was improperly denied by the taxing authority.

On February 14, 1975, appellee filed its business tax return for the taxable year ending November 30, 1974. Appellee claimed a personal property tax credit pursuant to T.C.A. § 67–5814 which authorized the credit to be taken through November 30, 1974, by taxpayers in appellee's classification.[1] The State disallowed this tax credit on the ground that appellee's business tax return for that year was due by February 1, 1975,[2] and the delinquent filing of its tax return operated to forfeit the tax credit to which it would otherwise have been entitled.

Appellee then paid under protest the additional tax incurred as a result of the disallowance of the tax credit and brought suit in Chancery Court to recover the tax paid under protest.

The Chancellor granted summary judgment for appellee, and appellants appealed to this Court pursuant to T.C.A. § 16–408.

Appellants argue that the cut-off date of November 30, 1974, for the allowance of the personal property tax credit, coupled with the deadline for filing a non-delinquent tax return, operate to preclude appellee from claiming the tax credit for that year; and that any other construction would result in a virtually unlimited carryover period. We disagree.

■ Appellants' argument that appellee has lost its tax credit derives no support from any provision of the Business Tax Act nor from any decision of this Court. The statute clearly states that any unused credit may be carried forward and taken as a credit through November 30, 1974. T.C.A. § 67–5808 provides that February 1 is the delinquent date for the filing of a tax return by a taxpayer whose taxable year ends on November 30 of the preceding year, and the specific provision of T.C.A. § 67–5826 provides the sole penalty[3] for a delinquent filing.

■ Nor do we agree with appellants' conclusion that the allowance of a tax cred-

---

1. T.C.A. § 67–5805 (classification 1).

2. T.C.A. § 67–5808(c)(1).

3. That section provides for a penalty of 15% with interest at 6% per annum for delinquent filing.

it on a delinquent return would result in a virtually unlimited carryover period. The tax credit is allowed only through November 30, 1974. That is the end of the carryover period; and a delinquent filing, no matter how delinquent, will not extend the carryover period beyond that date.

 Our decision today is in accordance with the well established rule of this Court that the tax statutes are to be liberally construed in favor of the taxpayer and strictly, construed against the taxing authority. *Memphis Peabody Corp. v. MacFarland,* 211 Tenn. 384, 365 S.W.2d 40 (1963).

The decree of the Chancellor is affirmed with appellant to pay the costs.

HENRY, BROCK and HARBISON, JJ., and HYDER, Special Justice, concur.