IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
MAY 25, 2010 Session

DANIEL C. WICKER, II, ET AL. v. COMMISSIONER, TENNESSEE
DEPARTMENT OF REVENUE

Direct Appeal from the Chancery Court for Maury County
No. 08-888     Jim T. Hamilton, Chancellor

No. M2009-02305-COA-R9-CV - Filed June 23, 2010

Plaintiffs were assessed, and paid taxes under the Drug Tax, which was later declared
unconstitutional. Plaintiffs sought refunds individually, and on behalf of all others similarly
situated. The trial court certified the class, and the Department filed this interlocutory appeal
challenging certification. Because the Taxpayer Remedies Statute, which must be strictly
construed as a derogation of sovereign immunity, does not contemplate the maintenance of
a class action, we reverse the trial court's grant of class certification.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER,
J., and J. STEVEN STAFFORD, J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General;
Brad H. Buchanan, Assistant Attorney General, Nashville, Tennessee, for the appellant,
Commissioner of Revenue, State of Tennessee

John S. Colley, III, Columbia, Tennessee, for the appellees, Daniel C. Wicker, II and Joseph
D. Williams

## OPINION

### I. FACTS & PROCEDURAL HISTORY

The Tennessee Department of Revenue (the "Department") issued notices of assessment against Daniel C. Wicker, II, and Joseph D. Williams (the "Plaintiffs") on September 14, 2007, pursuant to Tennessee Code Annotated section 67-4-2801, et seq.(the "Drug Tax"), which, effective January 1, 2005, taxed "unauthorized substances and illicit alcoholic beverages." Both Mr. Wicker's alleged liability of $18,649.58 and Mr. Williams' alleged liability of $1,765.13 were collected in full.

Both Mr. Williams and Mr. Wicker filed claims for a refund of the assessed tax, which were received by the Department on December 21, 2007 and March 3 or 4, 2008, respectively. At that time, the Department took no action regarding the Plaintiffs' claims. On December 19, 2008, Plaintiffs filed a Petition, individually, and on behalf of all others similarly situated, seeking refunds of taxes paid as well as other costs and fees.

On July 24, 2009, the Tennessee Supreme Court declared the Drug Tax unconstitutional, as it exceeded the General Assembly's taxing powers under the Tennessee Constitution. *Waters v. Farr*, 291 S.W.3d 873, 908-13 (Tenn. 2009). Acknowledging the *Waters* decision, the Department attempted to issue refund checks to Mr. Williams and Mr. Wicker, representing the amounts paid plus interest. Moreover, the Department requested that Plaintiffs consent to the entry of an Agreed Final Order dismissing their claims. Although it is unclear whether Plaintiffs cashed the checks, they clearly objected to the dismissal of their claims, and on August 28, 2009, they filed a "Motion to Certify Class." Over the Department's objection, an "Order Certifying Class" was entered on November 5, 2009, which defined the class as "all taxpayers who paid all or part of their assessed tax under the Drug Tax since its effective date of January 1, 2005, who have not been fully refunded their paid assessment with interest, and who have not otherwise reached a formal, final settlement of their refund under the tax." The order required the Department to turn over to Plaintiffs, under seal, certain information pertaining to the purported class members by November 16, 2009, and it further required Plaintiffs to contact class members by December 1, 2009.

The Department filed an application for permission to appeal to this Court on November 10, 2009 pursuant to Tennessee Code Annotated section 27-1-125[1] and Tennessee

---

[1] Tennessee Code Annotated section 27-1-125 provides:

(continued...)

Rule of Appellate Procedure 9. It subsequently sought a stay of the November 16 deadline in the trial court. This Court entered an Order on November 16, 2009 granting a stay of the information disclosure deadline pending resolution of the Department's application. On November 24, 2009, we permitted the Department to file an interlocutory appeal, and we extended the stay pending resolution of such appeal.

## II. ISSUE PRESENTED

Appellant presents the following issue for review, summarized as follows:

1.  Whether a class action may be maintained in a suit seeking refunds of taxes paid pursuant to Tennessee Code Annotated section 67-4-2801, et seq.

For the following reasons, we reverse the chancery court's grant of class certification.

## III. STANDARD OF REVIEW

"[T]he determination of whether an action should proceed as a class action is a matter which is left to the sound discretion of the trial judge." *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 637 (Tenn. 1996). The trial court's decision "'will only be modified if it was inconsistent with the substantial weight of the evidence or resulted from the trial court's misinterpretation of controlling legal principles.'" *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 308 (Tenn. 2008) (quoting *Freeman v. Blue Ridge Paper Prod., Inc.*, 229 S.W.3d 694, 703 (Tenn. Ct. App. 2007)).

Under the relevant standard, where a trial court applies an incorrect legal principle, reversal is required, even though such a reversal does not indicate any "abuse" as that word is commonly understood. A trial court that premises its analysis on an erroneous understanding of the governing law acts outside its discretion. If a trial court ignores, misunderstands, or misapplies the applicable legal principles, reversal is required under the abuse of

[1](...continued)
The court of appeals may, in its discretion, permit an appeal from an order of a trial court granting or denying class action certification under Rule 23 of the Tennessee Rules of Civil Procedure, if an application is filed with the clerk of the appellate court within ten (10) days after the entry of the order. A party shall not be required to obtain permission from the trial court to apply for an appeal under this section. In all other respects, the filing and consideration of an application to appeal from an order granting or denying class action certification shall be governed by Rule 9 of the Tennessee Rules of Appellate Procedure.

discretion standard.

> . . . .

> Further, while the abuse of discretion standard implies a recognition that a [class] certification decision is largely factual and, consequently, is due deference, whether the trial court used a correct legal standard in making that decision is a question of law reviewed *de novo*. Any conclusions of law by a trial court that affect its decision on certification are reviewed *de novo*.

***Gov't Employees Ins. Co. v. Bloodworth***, No. M2003-02986-COA-R10-CV, 2007 WL 1966022, at \*5-6 (Tenn. Ct App. June 29, 2007) (internal citations omitted).

## IV.  DISCUSSION

In this interlocutory appeal, the Department seeks review of the chancery court's grant of class certification pursuant to Tennessee Rule of Civil Procedure 23. The Department alleges two principal bases for its assertion that class certification is inappropriate: 1) Tennessee Code Annotated section 67-1-1801, et seq., the "Taxpayer Remedies for Disputed Taxes" (hereinafter the "Taxpayer Remedies Statute") requires taxpayers to bring individual suits; and 2) Plaintiffs have failed to satisfy the prerequisites of Tennessee Rule of Civil Procedure 23.

### *A.  Sovereign Immunity*

At the outset, we address the applicability of sovereign immunity in this case. "Suits may be brought against the state in such manner and in such courts as the Legislature may by law direct." **Tenn. Const. art. I, § 17**. "In construing Art. I, § 17 [our Supreme] Court has held that statutes which permit suits against the state under the authority of this provision are in derogation of the state's inherent exemption from suit and must be strictly construed." ***Beare Co. v. Olsen***, 711 S.W.2d 603, 605 (Tenn. 1986) (citing *State ex rel Allen v. Cook*, 196 S.W.2d 858 (Tenn. 1937)). Jurisdiction under such statutes may not be enlarged by implication. ***Id.*** (citing *Hill v. Beeler*, 286 S.W.wd 868 (Tenn. 1956)). "And suits for tax refunds are actually against the State and can be maintained only in the manner and upon the conditions consented to by the State." ***Id.*** (citing *Griffith Motors, Inc. v.* King, 641 S.W.2d 200 (Tenn. 1982); *Lyons v. Lay*, 166 S.W.2d 778 (Tenn. 1942)).

-4-

### B.    Taxpayer Remedies Statute


The Taxpayer Remedies Statute expressly provides that "[t]he procedure established by this part is the sole and exclusive jurisdiction for determining liability for all taxes collected or administered by the commissioner of revenue," with certain exceptions irrelevant to this case.  **Tenn. Code Ann. § 67-1-1804**.  This is true of refund claims based upon constitutional grounds.  **Tenn. Code Ann. § 67-1-1802(a)(1)** ("The commissioner . . . is empowered and directed to refund to taxpayers all taxes collected or administered by the commissioner that are, on the date of payment, paid in error paid against any statute, rule, regulation *or clause of the constitution of this state* or of the United States.") (emphasis added).  Moreover, the statute provides that "[t]o the extent that the provisions of this section conflict with any other provision of law, the provisions of this section shall control and supersede all such laws."  **Tenn. Code Ann. § 67-1-1807(c)**.  Therefore, we must consider whether the Taxpayer Remedies Statute authorizes a class action.


The parties disagree as to the remedies available to taxpayers under the Taxpayer Remedies Statute.  Both parties acknowledge the availability of the refund claim and the assessment challenge:

(a)(1) In all cases in which any officer, charged by law with the authority to assess taxes that are collected or administered by the commissioner of revenue, shall assess a tax alleged or claimed to be due, if the taxpayer against whom the assessment is made believes the assessment to be unjust, illegal or incorrect, the taxpayer's remedies shall be as follows:


(A) The taxpayer may pay the tax and file a claim for refund of the tax and proceed as provided in this part; or


(B) The taxpayer may file suit against the commissioner in chancery court in the appropriate county in this state, challenging all or any portion of the assessment of such tax, including any interest and penalty associated with the tax. Until the earlier of the expiration of ninety (90) days following the mailing of a notice of assessment to the taxpayer, or the filing of a suit by the taxpayer as provided in subsection (b), no levy as defined in § 67-1-1404 shall be made, begun or prosecuted by the commissioner. The commissioner may, however, initiate and pursue any other action to collect an assessed deficiency under part 14 of this chapter or otherwise, including, but not limited to, the filing of a notice of lien as provided in § 67-1-1403 and the collection of a jeopardy

assessment.

**Tenn. Code Ann. § 67-1-1801**.

A refund claim must be filed "within three (3) years from December 31 of the year in which the payment was made[,]" and it "must set forth each ground upon which a refund is claimed, the amount of such refund, the tax period, the tax type, and information reasonably sufficient to apprise the commissioner of the general basis for the claim." **Tenn. Code Ann. § 67-1-1802(a)(1)**. Refund claims must be resolved within six months following receipt of the claim, and if denied, a chancery court suit may be filed within one year from the date the refund claim was filed with the commissioner. *Id.* at § 67-1-1802(b), (c). The second statutory remedy, the assessment challenge, must be filed "within ninety (90) days from the mailing of the notice of assessment." *Id.* At § 67-1-1801(b)(1).

Plaintiffs contend that the statute provides a third method–67-1-1801(i) for seeking a tax refund:

> To the extent of any amounts collected by or paid to the commissioner with respect to an assessment, or any portion of the assessment, challenged by suit by the taxpayer, whether such collection was pursuant to a jeopardy proceeding, by application of assets restored to the taxpayer pursuant to subsection (h), or otherwise, the suit shall proceed as a timely suit for refund of taxes paid, as if a timely claim for refund had been filed by the taxpayer and denied by the commissioner.

The trial court, in its Order Certifying Class, agreed:

> The Department's complaint with the Plaintiffs' compliance with the taxpayer remedies statute lies in the administrative claim requirement, which the Department insists is a prerequisite to jurisdiction for a lawsuit over the claimed refunds sought on behalf of the proposed class members[.] The Department overlooks T.C.A. § 67-1-1802(i), which expressly allows a taxpayer who has paid his assessment to proceed directly to litigation for refund of taxes paid[.] . . . The only prerequisite for proceeding straight to litigation under T.C.A. § 67-1-1801(i) is payment of the assessment, which all proposed Plaintiffs have done.

Thus, according to Plaintiffs and the trial court, this third method allows a taxpayer, by rendering payment and filing suit, to forgo the requirement of filing either a refund claim or assessment challenge.

However, the Department contends that 67-1-1802(i) does not provide an alternate method for seeking a refund, but that it merely "concerns the collection or payment of amounts relating to assessments already subject to an assessment challenge suit." According to the Department, 67-1-1802(i) obviates the need for a taxpayer, who has filed a valid assessment challenge and later pays money towards that assessment either voluntarily to halt interest accrual or because of a Department levy, to go through the refund claim procedures, as section (i) converts the assessment challenge into a refund claim to the extent of any amounts so paid.

We concur with the Department's statutory reading. First, it seems clear that if the legislature had intended to set forth a third method, it would have included this method in section (a)(1), which expressly lays out "the taxpayer's remedies[.]" Moreover, section (i) states that "[t]o the extent of any amount collected by or paid to the commissioner *with respect to an assessment*, or any portion of the *assessment* . . . the suit shall *proceed* as a timely suit for refund of taxes paid." **Tenn. Code Ann. § 67-1-1801(i)**. Thus, it appears that section (i) contemplates an existing assessment challenge rather than the *initiation* of a suit. The interpretation that section (i) concerns existing assessment challenges is consistent with the language of section 67-1-1803(b), which addresses the calculation of interest. Section 67-1-1803(b) states that when a suit proceeds as a timely filed suit for refund pursuant to section 67-1-1801(i), and it is later determined that the taxes were wrongfully paid, a refund is owed of the amount paid, plus interest, to be calculated "on the date of payment in the case of any *tax collected after suit was filed* under § 67-1-1801." *Id.* at § 67-1-1803(b) (emphasis added). This language simply does not comport with the interpretation of both Plaintiffs and the trial court, that section (i) authorizes a refund where a taxpayer merely renders payment and then files suit. Finally, we reject the interpretation of Plaintiffs and the trial court, as it would render superfluous the requirements of sections 67-1-1801, and 1802 regarding refund claims.

We have found two methods available for challenging tax liability; however, we must consider only whether a class action is available in a refund claim pursuant to section 67-1-1801, as Plaintiffs seek a refund of taxes paid, rather than to challenge an assessment.

In this interlocutory appeal, the Department contends that the Taxpayer Remedies Statute requires each taxpayer to bring suit on his or her own behalf to recover his or her own payments and to vindicate his or her own rights. The trial court, in allowing class certification, made the following conclusions of law:

The language of the taxpayer remedies statute itself, found at T.C.A. § 67-1-1801, *et seq.*, does not preclude a class action. This court is not permitted to read such a ban into the statute where none exists, particularly in light of the rule of law construing the taxpayer statutes liberally *in favor of the taxpayer*, and *against the taxing authority*. ***American Airlines v. Johnson***, 56 S.W.3d 502, at 504 (Tenn. Crim. App. 2000), ***perm. app. denied*** ([Tenn.] 2001). To the contrary, this court is required to construe the taxpayer remedies statute, passed in 1986, with reference to the then-existing law, including T.R.C.P. 23, to provide "harmonious operation of the laws." ***State ex rel. Metro Gov't v. Spicewood Creek Watershed Dist.***, 848 S.W.2d 60 (Tenn. 1993). At the time the taxpayer remedies statute was passed, T.R.C.P. 1 specifically stated that the Rules of Civil Procedure, including Rule 23 applying class actions, "shall govern all civil actions, whether at law or in equity..." yet the Legislature made no effort to exempt taxpayer remedies from the application of Rule 23.

The court does not equate the Legislature's choice of word "taxpayer" in T.C.A. § 67-1-1801, *et seq.* with its use of the term "individually" in dictating how an action may be brought under the Tennessee Consumer Protection Act.[2] The use of the singular form of a noun in a statute does not preclude class actions under that statute, as is clear from the use of the word "person" by Congress in 42 U.S.C. § 1983, a statute under which class actions are commonly brought. Nor would the instant case be the first taxpayer class action in Tennessee. ***Piper v. City of Memphis***, 861 S.W.2d 832 (Tenn. Ct. App. 1992) ***perm. app. denied*** ([Tenn.] 1992).[3]

Nor does Tennessee's sovereign immunity preclude a class action in this cause. While Tennessee courts have thus far declined to address a class action under the taxpayer remedies statute, *see* ***P&P Enterprises, Inc. v. Celauro***, 733 S.W.2d 878, at 880 (Tenn. 1987), this court finds that under the

---

[2] The Tennessee Consumer Protection Act provides:

Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action *individually* to recover actual damages.

Tenn. Code Ann. § 47-18-109(a)(1) (emphasis added).

[3]We note that *Piper* involved *property* taxes, which are not state taxes, and thus are not administered by the Commissioner of Revenue, nor subject to the Taxpayer Remedies Statute. 861 S.W.2d 832 (Tenn. Ct. App. 1992).

particular facts of this cause . . . a class action herein, and the claims brought by the Plaintiffs, are fully compatible with the taxpayer remedies statute and are in no way repugnant to Tennessee's sovereign immunity.

On appeal, the Department cites the statutory language, itself, as evidence of class preclusion:

(a)(1) In all cases in which any officer, charged by law with the authority to assess taxes that are collected or administered by the commissioner of revenue, shall assess a tax alleged or claimed to be due, if *the taxpayer against whom the assessment is made* believes the assessment to be unjust, illegal or incorrect, *the taxpayer's* remedies shall be as follows:

(A) *The taxpayer* may pay the tax and file a claim for refund of the tax and proceed as provided in this part;

**Tenn. Code Ann. § 67-1-1801** (emphasis added). However, at oral argument before this Court, the Department conceded that the use of the singular form of a noun does not necessarily preclude a class action under all statutes.[4] Beyond the legislature's use of "the taxpayer," the Department contends that a class action is incompatible with the procedures laid out in the Taxpayer Remedies Statute. As we stated above, a taxpayer bringing a refund claim must, "within three (3) years from December 31 of the year in which the payment was made," file a claim setting "forth each ground upon which a refund is claimed, the amount of such refund, the tax period, the tax type, and information reasonably sufficient to apprise the commissioner of the general basis for the claim." *Id.* at 67-1-1802(a)(1). According to the Department, a class action simply fails to comply with these requirements.

Citing a refund claim's requirement that it include "information reasonably sufficient to apprise the commissioner of the general basis for the claim," Plaintiffs argue that the purpose of the Taxpayer Remedies Statute is simply to put the Department on notice of the tax liability challenged. Thus, they contend, because "the Commissioner knew - better than anybody - at the time of the refund claims in this cause that the taxing statute *had already been declared unconstitutional*, knew the number of taxpayers assessed thereunder, and knew the amounts in question[,]" it was unnecessary for each taxpayer to comply with the statutory requirements. The trial court agreed, stating that "the claims timely filed by both class

---

[4]*See, e.g., Meighan*, 924 S.W.2d 632 (Tenn. 1996) (allowing class certification under statute then-entitled "Action initiated by owner").

representatives on their own behalf and all others similarly situated, challenging the Drug Tax on constitutional grounds, served as sufficient notice to the State's tax collectors and other public officials as to what portion of the collected revenues were subject to challenge." It also stated that "[t]o suggest that each taxpayer must file an individual claim so that the Department could appreciate the threat posed to the Tennessee treasury ignores reality, and only sets up unnecessary obstacles for those seeking the rightful return of their property[.]" Further, the trial court implied that compliance with the statute's administrative filing requirements was unnecessary because the Department failed to take action on refunds filed until the *Waters* decision was announced, and thus, individual filing was a "futile gesture[]."[5]

As we stated above, because this is a suit against the state, it "may be maintained only in the manner and upon the conditions consented to by the State."[6] ***Beare Co.***, 711 S.W.2d at 605 (citations omitted). Accordingly, we cannot hold that the Department's receipt of notice dispensed with the statute's filing requirements. Based on the statute's individualized requirements that "the taxpayer against whom the assessment is made" file a refund claim "within three (3) years from December 31 of the year in which the payment was made[,]" "set[ting] forth each ground upon which a refund is claimed, the amount of such refund, the tax period, [and] the tax type," **Tenn. Code Ann. §§ 67-1-1801, -1802**, we find that the Taxpayer Remedies Statute regarding refund claims simply does not contemplate maintenance of a generalized class action. Because the trial court's certification of the class disregards the explicit procedures for challenging tax liabilities established by the legislature, we reverse such certification.

---

[5]In justifying its disregard for the administrative filing requirements, the trial court relied upon Tennessee Code Annotated section 67-1-1802(a)(2), which *authorizes* the commissioner to make refunds without the filing of a claim. Obviously, this authority is discretionary and does not render the claims process superfluous, as the trial court seems to suggest.

[6]The trial court found that the Taxpayer Remedies Statute did not preclude a class action, and that it could not "read such a ban into the statute . . . particularly in light of the rule of law construing the taxpayer statutes liberally *in favor of the taxpayer*, and *against the taxing authority*. **(V1, 94)**. The trial court is correct that "courts must construe tax statutes liberally in favor of the taxpayer and . . . strictly against the taxing authority." ***Am. Airlines, Inc. v. Johnson***, 56 S.W.3d 502, 504 (Tenn. Ct. App. 2000) (citing *Memphis St. Ry. v. Crenshaw*, 55 S.W.2d 758, 759 (Tenn. 1933); *White v. Roden Elec. Supply Co.*, 536 S.W.2d 346, 348 (Tenn. 1976). "Where any doubt exists as to the meaning of a *taxing statute*, courts must resolve this doubt in favor of the taxpayer." *Id.* (citing *Memphis Peabody Corp. v. MacFarland*, 365 S.W.2d 40, 42 (Tenn. 1963); *Carl Clear Coal Corp. v. Huddleston*, 850 S.W.2d 140, 147 (Tenn. Ct. App. 1992)) (emphasis added); *cf. Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004) ("[S]tatutes granting *exemptions* from taxation are construed strictly against the taxpayer.") (emphasis added). However, because the Taxpayer Remedies Statute lays out the procedures for creating a cause of action against the state, rather than *imposing* a tax, we decline to construe it in favor of the taxpayer.

In certifying the class, the trial court gave "important consideration[]" to its belief that denying certification would result in the "absolute absence of any remedy for the 2005 taxpayers."[7] Under the Taxpayer Remedies Statute, refund claims regarding payments made in 2005 must have been filed by December 31, 2008–before the Drug Tax was declared unconstitutional in July 2009. However, the trial court's belief in the absence of a remedy simply ignores the fact that each 2005 taxpayer had at least three years to file a refund claim. Nothing prevented these taxpayers from filing a claim prior to the Supreme Court's *Waters* decision. In fact, by September 2007, the eastern section of this Court had declared the Drug Tax unconstitutional, and Steven Waters, the 2005 taxpayer in the ultimately definitive *Waters* Supreme Court decision, availed himself of the statutorily available remedies within the appropriate time frame.[8] "To satisfy the requirements of the Due Process Clause . . . the State must provide taxpayers with, not only a fair opportunity to challenge the accuracy and legal validity of their tax obligation, but also a 'clear and certain remedy,' for any erroneous or unlawful tax collection to ensure that the opportunity to contest the tax is a meaningful one." ***McKesson Corp. v. Div. of Alcoholic Beverages and Tobacco, Dep't of Bus. Regulation of Florida***, 496 U.S. 18, 38 (1990) (internal citations omitted). The Taxpayer Remedies Statute provided Drug Tax taxpayers with both–a generous three year period in which to challenge liability, and a court-ordered refund of wrongfully–collected taxes.

Having determined that the Taxpayer Remedies Statute forecloses class certification, we need not consider whether the requirements of Tennessee Rule of Civil Procedure 23 have been satisfied.

---

[7]If a class action were allowed, the statute of limitations would be tolled by the filing of Plaintiffs' suit on December 19, 2008.

[8]Moreover, it is clear that many refund claims were filed between implementation of the tax and the Supreme Court's *Waters* decision. Depositions included in the record indicate that as of August 20, 2009, sixty refund claims had been filed with the Department – approximately forty percent of those prior to the Supreme Court *Waters* decision. In fact, Plaintiffs' refund claims were filed prior to the *Waters* decision.

## V. CONCLUSION

For the aforementioned reasons, we reverse the chancery court's grant of class certification. Costs of this appeal are taxed to Appellees, Daniel C. Wicker, II, and Joseph D. Williams, for which execution may issue if necessary.

 

_____

ALAN E. HIGHERS, P.J., W.S.