IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 21, 2011 Session

**JEROME HERTIS PHILLIPS v. STATE OF TENNESSEE
DEPARTMENT OF REVENUE**

**Appeal from the Chancery Court for Scott County
No. 9960      Billy Joe White, Chancellor**

**No. E2010-01839-COA-R3-CV-FILED-JULY 28, 2011**

Jerome Hertis Phillips brought suit to contest a tax assessment made against him by the Department of Revenue ("the Department"). The Department filed a motion to dismiss based on a lack of subject matter jurisdiction. The trial court granted the motion based upon its finding that Phillips failed to file suit within the time provided by law. Phillips appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Mark W. Strange, Oneida, Tennessee, for the appellant, Jerome Hertis Phillips.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Associate Solicitor General; and Nicholas G. Barca, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee Department of Revenue.

**OPINION**

I.

On June 6, 2008, the Department issued a notice of assessment against Phillips in the amount of $73,847.35. The assessment represents the amount of unremitted sales taxes owed

by Big John's Household Foods, Inc., for a three-month period that year.[1]  The following month, on July 2, Phillips requested an informal conference with the Department to discuss the assessment.  The conference was held on October 23, 2008.  On April 9, 2009, the hearing officer issued his decision upholding the assessment.  On April 22, 2009, Phillips, through his attorney, received a facsimile copy of the decision letter.

On June 22, 2009, Phillips filed suit contesting the assessment as being "unjust, illegal, and incorrect."  The Department responded with a motion to dismiss for lack of subject matter jurisdiction; the Department contends that the suit was barred as a result of Phillips' failure to file it within the 90 days permitted for challenging a tax assessment. *See* Tenn. Code Ann. § 67-1-1801(b)(1)(2006).  The trial court agreed and dismissed the suit.

Phillips timely filed a notice of appeal.

II.

Phillips presents the following issues for our review:

> 1.  Did the trial court err in granting the Department's motion to dismiss by misinterpreting the ninety-day statute of limitations provisions of Tenn. Code Ann. § 67-1-1801?

> 2.  Did the trial court err in granting the Department's motion to dismiss where the procedures enacted under Tenn. Code Ann. § 67-1-1801, as applied by the Department in this case, violated both the due process clause of the Fourteenth Amendment to the Constitution of the United States, as well as Article I, Section 17 of the Constitution of the State of Tennessee?

III.

The Tennessee Supreme Court has set forth the standard applicable to a review of a motion to dismiss based on lack of subject matter jurisdiction:

> A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority

---

[1]The record indicates that Phillips was held responsible for the debt in his role as a substantial minority shareholder and the retired founder of the corporation.

to adjudicate a controversy brought before it. Subject matter jurisdiction involves the nature of the cause of action and the relief sought and can only be conferred on a court by constitutional or legislative act. Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness.

***Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000)(citing ***Nelson v. Wal-Mart Stores, Inc.***, 8 S.W.3d 625, 628 (Tenn. 1999)). We employ the same de novo standard to review issues involving statutory interpretation, *see **Moore v. Town of Collierville***, 124 S.W.3d 93, 97 (Tenn. 2004), and the interpretation of the state and federal due process clauses, *see **Chenalt v. Walker***, 36 S.W.3d 45, 51 (Tenn. 2001).

IV.

Phillips asserts that in dismissing his suit, the trial court misinterpreted the 90-day filing period for challenging a tax assessment. He contends that a more liberal construction of the statute in his favor, as a taxpayer, is warranted.

The procedure established by Tenn. Code Ann. § 67-1-1801, *et seq.*, provides the exclusive jurisdiction for determining liability with respect to taxes collected or administered by the Department. *See* Tenn. Code Ann. § 67-1-1804. The statute provides that a taxpayer may challenge an assessment by filing suit "within ninety (90) days from the date of the mailing of the notice of assessment to the taxpayer by the commissioner. . . ." Tenn. Code Ann. § 67-1-1801(b)(1). By Department regulation, "the date of the mailing of notice of assessment shall be considered the date of the notice plus five (5) additional days thereafter." Tenn. Comp. R. & Regs. ch. 1320-1-2-.01. The statute further provides that the 90-day filing period ceases to run if the taxpayer exercises his right to an informal conference and that it thereafter resumes running as follows:

> During the period of running of the ninety-day period for filing suit as provided in subdivision (b)(1), and before suit is filed, the taxpayer shall have the right to an informal conference with the commissioner to discuss the assessment and to present such matters as may be relevant to the assessment. . . .

*   *   *

Upon the filing of a timely request for a conference, the ninety-day period for the filing of suit challenging a tax assessment . . . shall cease running *until an informal conference decision is issued*.

Tenn. Code Ann. 67-1-1801(c)(3) (emphasis added).

In the present case, there is no dispute that the 90-day filing period commenced on June 11 and ceased running – after 21 days – when, on July 2, Phillips requested an informal conference. As Phillips puts it, the dispositive question becomes, "When does the ninety-day period start running again after an informal conference?"

Our interpretation of the statute is guided by well-settled principles of statutory construction:

> When the statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application. However, if an ambiguity exists within the language of the statute, then we must turn to the entire statutory scheme and elsewhere to ascertain the legislative intent and purpose. An ambiguous statute is one that communicates multiple meanings. Lastly, we presume that the legislature purposefully chose each word used in a statute and that each word conveys a specific purpose and meaning.

*State v. Hannah*, 259 S.W.3d 716, 721 (Tenn. 2008) (internal citations omitted).

A recitation of the undisputed events in chronological order may be helpful to the reader:

| | |
|---|---|
| June 11, 2008 | Effective date of mailing of Notice of Assessment (this date is the date of mailing plus five days) |
| July 2, 2008 | Request for Informal Conference by Phillips |
| October 23, 2008 | Informal Conference Held |

-4-

| | |
|---|---|
| April 9, 2009 | Decision Upholding Tax Assessment Issued |
| April 22, 2009 | Copy of decision received by Phillips |
| June 22, 2009 | Suit filed by Phillips |

Phillips submits that a consideration of the language of Section 67-1-1801(c)(3), in the context of the entire statute, reflects that the date the decision is *received*, rather than *issued*, is the date which operates to restart the 90-day filing period. He concludes from this that the filing period restarted on April 22 and, taking into account the 21 days that had already elapsed, he had 69 remaining days, or until June 30, to file suit. Thus, according to him, his suit filed June 22, 2009 was timely.

In its order of dismissal, the trial court resolved the question as follows:

> [T]he 90-day period recommenced running on April 9, 2009, when the Commissioner issued the informal conference decision, and not on April 22, 2009, when [Phillips] claimed that he first received a copy of the decision by facsimile. The Court finds that Tenn. Code Ann. § 67-1-1801(c)(3) provides that the 90-day period recommences when the "informal conference decision is issued," not when the taxpayer receives written notification of that decision. Accordingly, the Court finds that the remaining sixty-nine (69) days of the 90-day period completely ran on June 17, 2009. The Court finds that Plaintiff did not file suit until June 22, 2009, and, thus, [his] suit is time-barred . . . .

Again, Tenn. Code Ann. 67-1-1801(c)(3) provides that, once tolled by a timely request for an informal conference, the "ninety-day period for the filing of suit challenging a tax assessment . . . shall cease running until an informal conference decision is *issued*." (Emphasis added). Giving effect to the statute's plain language, the statute is subject to only one logical interpretation – that the filing period ceases running until a decision is *issued*, at which point it begins to run again. Because the meaning of "issued" is clear and, in the context of the facts of this case, not subject to more than one interpretation, there is no basis for looking beyond the plain language of the statute. Furthermore, using the date the decision is received rather than issued, as Phillips suggests, would impermissibly expand the limited,

-5-

90-day filing period established by the General Assembly. In short, there is no support for Phillips' position.

Lastly, we must reject Phillips' reliance on that portion of the statute which provides that "[w]ithin ten (10) days after the conference, the commissioner shall give the taxpayer written notification of the commissioner's decision" to achieve a different result in this case. See Tenn. Code Ann. § 67-1-1801(c)(3). This provision is of no help to Phillips because the statute further provides that the "commissioner shall not be prejudiced in any manner by failing to act within the time periods prescribed in this section. . . ." Thus, the fact that the Department did not issue its decision for nearly six months after the informal conference has no bearing on the running of the 90-day filing period. Pursuant to Tenn. Code Ann. § 67-1-1801(c)(3), the delay of the commissioner in issuing its decision "shall not be prejudic[al]" to the commissioner. Contrary to the taxpayer's position, extension of his time for filing suit would amount to prejudice to the commissioner, in that it would arbitrarily re-open a claim that would otherwise be barred by the plain meaning of the statutory scheme.

Applying the law to the facts presented, we conclude that the trial court correctly decided the first issue now before us. The suit was time-barred.

V.

Phillips asserts that the trial court effectively eliminated his "day in court" when it upheld the Department's erroneous and arbitrary interpretation of Section 67-1-1801. We must disagree. "The most basic principle underpinning procedural due process is that individuals be given an opportunity to have their legal claims heard at a meaningful time and in a meaningful manner." *Lynch v. City of Jellico*, 205 S.W.3d 384, 391 (Tenn. 2006). In this case, the evidence fails to support Phillips' contention that he was denied an opportunity to have a hearing to challenge the assessment.

As we have noted, Phillips acknowledges that he received a copy of the decision letter on April 22, 2009. At that point, Phillips had 56 more days – before the limitation period expired on June 17 – within which to file suit and secure his day in court. Notably, the decision letter effectively advised him of the time remaining; the closing sentence provided that "[p]ursuant to Tenn. Code Ann. § 67-1-1801(3), the ninety days during which you may file suit to challenge this assessment resumes running upon the issuance of this letter" and expressly reflected that it was "issued: April 9, 2009." Moreover, Phillips acknowledges that earlier in April he received a final notice of payment from the Department's Tax Enforcement Division, followed in May by a notice of its intent to begin a levy action that month. Despite his receipt of the decision letter and these other filings well before the 90 days had completely run, Phillips failed to act in time.

The Court of Appeals has held that the applicable statutory scheme satisfies due process requirements by providing taxpayers with, "not only a fair opportunity to challenge the accuracy and legal validity of their tax obligation, but also a 'clear and certain remedy,' for any erroneous or unlawful tax collection to ensure that the opportunity to contest the tax is a meaningful one." *Wicker v. Commissioner*, No. M2009-02305-COA-R9-CV, 2010 WL 2516894 at *11 (Tenn. Ct. App. M.S., filed Jun. 23, 2010)(quoting *McKesson Corp. v. Div. of Alcoholic Beverages and Tobacco, Dep't of Bus. Regulation of Florida*, 496 U.S. 18, 38, 110 S. Ct. 2238, 110 L. Ed. 2d 17 (1990)). In the present case, Phillips does not allege that he received the decision letter *after* or even *just before* the filing period had passed and was therefore unable to pursue the remedy provided. The fact of the matter is that Phillips had ample time to pursue his complaint once he received notification of the Department's decision on April 22, 2009. In short, we conclude that the trial court's decision does not amount to a denial of due process; Phillips simply failed to take advantage of the process provided in a timely manner.

VI.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Jerome Hertis Phillips. This case is remanded to the trial court, pursuant to applicable law, for enforcement of that court's judgment and the collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE