# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### ASSIGNED ON BRIEF FEBRUARY 6, 2012

## JAMES W. SWAFFORD, JR. v. COMMISSIONER OF REVENUE

**Direct Appeal from the Chancery Court for Davidson County**
**No. 1020321      Claudia C. Bonnyman, Chancellor**

---

**No. M2011-00913-COA-R3-CV - Filed March 13, 2012**

---

After the Tennessee Supreme Court declared the tax on unauthorized substances to be unconstitutional, Plaintiff taxpayer filed a claim with the Department of Revenue seeking a refund of taxes paid. The Commissioner of Revenue denied Plaintiff's claim for refund on the grounds that it was filed beyond the applicable limitations period. Plaintiff filed suit challenging the denial in the chancery court. The chancery court granted the Commissioner's motion to dismiss. Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

David M. Eldridge and Loretta G. Cravens, Knoxville, Tennessee, for the appellant, James W. Swafford, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter, William E. Young, Solicitor General and Nicholas G. Barca, Assistant Attorney General, for the appellee, Commissioner of Revenue.

## OPINION

The facts of this case are undisputed. In 2005, the Department of Revenue ("the Department") assessed taxes, penalties and interest against Plaintiff taxpayer James W. Swafford, Jr. (Mr. Swafford) in the amount of $21,212.82 for amounts due pursuant to the unauthorized substance tax then codified at Tennessee Code Annotated § 67-4-2801, *et. seq*. In July 2009, the Tennessee Supreme Court held that the unauthorized substance tax was unconstitutional. *Waters v. Farr*, 291 S.W.3d 873 (Tenn. 2009). On December 22, 2009,

the Department received Mr. Swafford's claim for a refund of the assessed amount, which Mr. Swafford paid in 2005. On July 9, 2010, the Department denied Mr. Swafford's claim as untimely where it was filed beyond the three-year limitations period established by Tennessee Code Annotated § 67-1-1802(a)(1)(A). Mr. Swafford filed a petition for review in the Chancery Court of Davidson County on December 22, 2010. Defendant Commissioner of Revenue ("the Commissioner") moved to dismiss Mr. Swafford's petition on the grounds that Mr. Swafford failed to state a claim upon which relief can be granted where he filed his claim for refund beyond the limitations period. The Commissioner also asserted that the trial court lacked subject matter jurisdiction "because it [was] not within the exclusive jurisdiction for contesting State tax liabilities[.]" The Commissioner relied on the chancery court's ruling in Waters, et al v. Commissioner, No. 09-1475-III, for the proposition Mr. Swafford's claim was barred by the limitations period notwithstanding the supreme court's July 2009 declaration that the tax on unauthorized substances was unconstitutional. The trial court granted the Commissioner's motion to dismiss in April 2011, and Mr. Swafford filed a timely notice of appeal to this Court.

### *Issue Presented*

Mr. Swafford presents the following issue for our review:

Whether the Davidson County Chancery court erred in granting the Defendant Commissioner of Revenue's Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted on the grounds that the three year statute of limitations for filing a claim for refund with the Commissioner of Revenue is a statutory prerequisite to the subject matter jurisdiction of the Chancery Court.

### *Standard of Review*

A Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim tests only the legal sufficiency of the complaint itself. *Cook v. Spinnakers of Rivergate, Inc.,* 878 S.W.2d 934, 938 (Tenn. 1994). The grounds for such a motion are that the allegations of the complaint, if considered true, are not sufficient to constitute a cause of action as a matter of law. *Id.* A motion to dismiss should be granted only if it appears that the plaintiff cannot establish any facts in support of the claim that would warrant relief. *Doe v. Sundquist,* 2 S.W.3d 919, 922 (Tenn. 1999). We review a trial court's award of a motion to dismiss *de novo,* with no presumption of correctness. *Stein v. Davidson Hotel Co.,* 945 S.W.2d 714, 716 (Tenn. 1997).

*Discussion*

Mr. Swafford's argument, as we understand it, is that the trial court had subject matter jurisdiction to adjudicate his claim notwithstanding the expiration of the limitations period where he filed his claim for a refund with the Department within five months of the supreme court's holding in *Waters v. Farr.* He asserts that the three-year limitations period is not a "necessary prerequisite to the subject matter jurisdiction" of the trial court (brief at 13), and that the statutory limitations period should be tolled in this case in order to "provide him a meaningful opportunity to seek a post payment remedy."

The statutory provisions applicable to this case are not disputed. Under the statutes establishing "Taxpayer Remedies for Disputed Taxes" ("the Remedies Statute"), codified at Tennessee Code Annotated § 67-1-1801, *et seq.*, a taxpayer who seeks to challenge a tax assessment may pay the tax and file a claim for a refund. Tenn. Code Ann. § 67-1-1801(a)(1)(A)(2011). The Remedies Statute authorizes the Commissioner to refund "all taxes collected or administered by the commissioner that are, on the date of payment, paid in error or paid against any statute, rule, regulation, or clause of the constitution of this state or the United States." Tenn. Code Ann. § 67-1-1802(a)(1)(A)(2011). The Commissioner's authority, however, "extends only to taxes for which a claim is filed, with the commissioner under penalties of perjury, within three (3) years from December 31 of the year in which the payment was made." *Id.* The Remedies Statute also provides that, if a claim is denied, a claimant may file a suit for refund in the appropriate chancery court within one year from the date that the claim for refund was filed with the Commissioner. Tenn. Code Ann. § 67-1-1802(c)(1)(2011).[1] The trial court granted the Commissioner's motion to dismiss under Rules 12.02(1) and 12.02(6) of the Tennessee Rules of Civil Procedure upon determining that Mr. Swafford's claim for a refund was barred by the applicable three-year limitations period and that Mr. Swafford could not proceed under "alternative theories" not provided by the Remedies Statute. On appeal, Mr. Swafford asserts that dismissal of his claim violates his due process rights where the unauthorized substance tax was declared unconstitutional subsequent to the expiration of the three-year limitations period applicable to his claim for a refund.

Absent limited exceptions not present in this case, the Remedies Statute establishes "the sole and exclusive jurisdiction for determining liability for all taxes collected or administered by the commissioner of revenue." Tenn. Code Ann. § 67-1-1804(2011). This exclusivity also applies to claims for refunds made on constitutional grounds. *Wicker v. Commissioner*, 342 S.W.3d 35, 38 (Tenn. Ct. App. 2010)(citing Tenn. Code Ann. § 67-1-

---

[1]The provisions of the Remedies Statute that are relevant to this case were unchanged by the 2011 version of the Code.

1802(a)(1)). The Remedies Statute provides, moreover, that "[t]o the extent that this section conflicts with any other, this section shall control and supersede all such laws." Tenn. Code Ann. § 67–1–1807(c)(2011). In *Wicker v. Commissioner*, we held that, in light of these provisions, a class action lawsuit may not be maintained under the Remedies Statute. *Id*. at 42. We opined that, although neither the Remedies Statute nor the State's sovereign immunity explicitly prohibit a class action suit, a class action may not be maintained in disregard of "the explicit procedures for challenging tax liabilities established by the legislature." *Id.*

It is undisputed that Mr. Swafford did not file his claim for refund within the limitations period established by section 67-1-1802. Mr. Swafford asserts, however, that the limitations period should be tolled in light of the supreme court's holding in *Waters*. We disagree. As we noted in *Wicker*

> many refund claims were filed between implementation of the [unauthorized substance] tax and the Supreme Court's *Waters* decision. Depositions included in the record indicate that as of August 20, 2009, sixty refund claims had been filed with the Department - approximately forty percent of those prior to the Supreme Court *Waters* decision.

*Id*. at 43 n.8. We further noted that the plaintiffs in *Wicker* had filed their refund claims prior to the supreme court's decision in *Waters*. *Id*.

"Because exaction of a tax constitutes a deprivation of property, the State must provide procedural safeguards against unlawful exactions in order to satisfy the commands of the Due Process Clause." *McKesson Corp. v. Div. of Alcoholic Beverages and Tobacco, Dep't of Bus. Regulation of Florida*, 496 U.S. 18, 36 (1990). Although the State may provide a "predeprivation process" allowing taxpayers to withhold payment and challenge the validity of the tax, "it is well established that a State need not provide predeprivation process for the exaction of taxes." *Id.* at 37. Thus, a State may require taxpayers "to raise their objections to [a] tax in a postdeprivation refund action." *Id*. at 38-39. When requiring a taxpayer to proceed in a postdeprivation action,

> [t]o satisfy the requirements of the Due Process Clause . . . the State must provide taxpayers with, not only a fair opportunity to challenge the accuracy and legal validity of their tax obligation, but also a 'clear and certain remedy,' for any erroneous or unlawful tax collection to ensure that the opportunity to contest the tax is a meaningful one.

*Id*. at 39 (footnote omitted)(quoting *Atchison, T. & S.F. Ry. Co. v. O'Connor*, 223 U.S. 280,

285, 32 S.Ct. 216, 217 (U.S. 1912)).

Tennessee provides taxpayers with both a predeprivation and a postdeprivation means by which to challenge an assessment of taxes. *See* Tenn. Code Ann. § 67-1-1801(a)(1)(A) & (B). Although Mr. Swafford argues here and in the trial court that he "had no meaningful way to challenge the payment of the tax until the Supreme Court determined that it was illegal, thus providing [him] with a basis for claiming a refund[,]" the remedies available to and utilized by the plaintiff in *Waters* and the plaintiffs in *Wicker* likewise were available to Mr. Swafford.[2] Mr. Swafford had the opportunity to challenge the unauthorized substance tax under Tennessee Code Annotated § 67-1-1801(a)(1). He also had the option of filing a declaratory judgment action within the limitations period to challenge the facial constitutionality of the statute. *Waters v. Farr*, 291 S.W.3d at 880 n.7 (citing *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 840 (Tenn. 2008)). Accordingly, in this case, the imposition of the limitations period does not violate Mr. Swafford's due process rights where both predeprivation and postdeprivation processes to challenge the tax assessment were available to him. Additionally, notwithstanding Mr. Swafford's assertion that the chancery court erred in dismissing this matter for lack of jurisdiction where he filed his suit within one-year of filing his claim for refund with the Department as provided by section 67-1-1802(c)(1), the chancery court did not err in dismissing the matter for failure to state a claim where Mr. Swafford's complaint states, on its face, that his claim for refund was filed beyond the three-year limitations period established by section 67-1-1802(a)(1)(A).

### *Holding*

In light of the foregoing, we affirm dismissal of Mr. Swafford's claim based on the expiration of the statutory limitations period. The judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, James W. Swafford, Jr., and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[2]The Department assessed unauthorized substance taxes against the plaintiff in *Waters* in May 2005. In July 2005, plaintiff filed an action for declaratory and injunctive relief in the Chancery Court for Loudon County. *Waters v. Farr*, 291 S.W.3d 873, 879-80 (Tenn. 2009). The Department assessed unauthorized substances taxes against the two plaintiffs in *Wicker* in September 2007. The plaintiffs filed refund claims in December 2007 and March 2008. The Department took no action and plaintiffs filed a petition in the Chancery Court for Davidson County on behalf of themselves and others similarly situated in December 2008. *Wicker v. Commissioner,* 342 S.W.3d 35, 36 (Tenn. Ct. App. 2010).